Bohn, J.
On November 7, 2000, this matter was before the court for hearing on the defendant’s motion for summary judgment. See Mass.R.Civ.P. 56. In its motion, the defendant, Town of Hudson (“Town”), argues that plaintiff Donald Stewart’s negligence claim for injuries he sustained while walking in a public park is barred by the Recreational Use Statute, M.G.L.c. 21, § 17(C). In his opposition, Stewart argues that the Recreational Use Statute does not apply because the defendant Town’s conduct was wilful, wanton and reckless and thus constitutes an exception to the statute. For the reasons discussed below, the Town of Hudson’s motion to dismiss will be ALLOWED.
STATEMENT OF THE CASE
On October 19, 1996, at approximately 6:45 a.m., plaintiff Donald Stewart set out for a walk in Riverside Park in Hudson, Massachusetts, a park which is owned and maintained by the Town. The area was open to visitors at this time, and visitors are not charged a fee to enter.
To gain entrance, Stewart walked on a major path near a field house. The Town had previously placed two cement posts, one on each side of this path, with a wire tied to the posts and stretching across the path. The wire was approximately twenty inches above the paved path.
There were no warning signs attached to the wire, and no lights for illumination. Stewart alleges that he tripped over this wire and fractured his nose and facial features. In his complaint against the town, he alleges that, because the Town took no actions to eliminate the hazard created by the wire, and because others had tripped over this wire prior to his accident, the Town acted in a wilful, wanton, or reckless manner *500 and thus is not protected under the Recreational Use Statute.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991); see also Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
In this case, the first inquiry is whether Stewart was using the land for recreational purposes. If so, the Recreational Use statute applies and the town is not liable. The second inquiry, which then follows, is whether the Town’s conduct in erecting the wire was wilful, wanton, or reckless within the statute. If so, the Recreational Use Statute does not apply and the Town may be liable to the plaintiff for his injuries.
For the reasons discussed below, this Court finds that the Recreational Use Statute bars Stewart’s claim and thus absolves the town from liability.
1. The Recreational Use Statute applies to this case because Stewart’s activity of walking in the park was “recreational”
Where applicable, the Recreational Use Statute provides that towns are protected from negligence claims based on injury sustained while using recreation facilities that are available to the public without charge. See M.G.L.c. 21, §17(C), see also Catanzarite v. City of Springfield, 32 Mass.App.Ct. 967 (1992). The nature of the use determines whether the statute applies to protect the town from liability. See Forbush v. City of Lynn, 35 Mass.App.Ct. 696 (1994). Recreational use has been defined by the Massachusetts Appeals Court as pursuits such as watching baseball, strolling in a park to see animals, flowers, landscape, architecture, or other sights, picnicking, and so forth. See Catanzarite, supra at 967. Since Stewart attempted to enter the park at 6:45 a.m., with the intent to take a walk, Stewart was clearly using the land for recreational purposes.
2. Stewart’s case does not constitute an exception to the Recreational Use Statute because the Town's conduct was not “wilful, wanton, or reckless”
Towns are protected from liability under the Recreational Use Statute unless their conduct is found to be wilful, wanton, or reckless. Stewart argues that the condition in this case, an unmarked, unlit wire stretched across a park entrance walkway at about knee height, indicates that the town’s conduct in allowing that wire to exist was wilful, wanton, and reckless. He alleges that the Town knew or should have known, that a person walking on the path could trip.
In Sandler v. Commonwealth, the Supreme Judicial Court defined reckless conduct as that which “involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another,” and emphasized that “reckless conduct must be based on a high degree of risk that death or serious bodily injury will result from a defendant’s action or inaction when under a duty to act.” Sandler v. Commonwealth, 419 Mass. 334, 336-37 (1995). In Sandler, a bicyclist was injured when he rode over an uncovered eight-inch wide, twelve-inch long drain while attempting to pass through a tunnel maintained by the Metropolitan District Commission (MDC). The Court noted- that, although the MDC was aware that the unlit tunnel with missing drain covers created a risk of harm, and that it persistently failed to remedy these defects, the MDC was nevertheless protected under the Recreational Use Statute because the degree of risk of injury did not present a level of dangerousness that warranted liability under M.G.L.c. 21, § 17(C). Id. at 337-38. See also Catanzarite, supra (court found that city’s conduct was not reckless, where plaintiff who was walking in free public park to observe dinosaur tracks was injured when a portion of a wrought iron fence collapsed on her foot). Here, the existence of a wire that a person tripped over while walking in a publicly owned and maintained park does riot present a high degree of risk that death or serious bodily injury could result. This Court agrees with the Town’s argument that the risk of injury from tripping over the wire, as Stewart did, does not rise to the level of dangerousness that warrants a finding that the Town was reckless within the meaning of the statute. Thus, Stewart’s claim against the Town is barred by the Recreational Use Statute, and the Town’s motion for summary judgment will be ALLOWED.

ORDER

For the foregoing reasons, the court hereby ALLOWS the Town’s motion for summary judgment, as is provided for by Mass.R.Civ.R 56(c).