Fecteau, Francis R., J.
The plaintiff, Jean Dean, on behalf of herself and her minor son Samuel Dean (“Dean") has filed a civil law suit against the defendant City of Fitchburg claiming that her son sustained personal injuries when he came into contact with a wire fence in a public park, as a direct and proximate result of defendant’s wilful, wanton or reckless conduct in the maintenance, repair, inspection and upkeep of such fence. Defendant moves for summary judgment claiming that it is immune from liability under G.L.c. 21, §17C,[1] the Recreational Use Statute.
The material, undisputed facts, are as follows. On June 8, 2002, Samuel Dean, a young child, went to Goodrich Park, owned and maintained by the defendant, in order to attend a free summer day camp operated by the defendant. The premises appear to consist of various sections of athletic fields and courts. On this particular day, the plaintiffs son, who was approximately 5 years old at the time, while running with other children, was caught on, tripped over or fell into a defective metal fence that was near a baseball diamond and suffered a serious fracture of his arm requiring reduction and fixation surgery on one or more occasions.
The defendant argues that it is immune from liability under the Recreational Use Statute. This statute states that “[a]n owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor... shall not be liable to any member of the public who uses such land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of wilful, wanton or reckless conduct by such owner.” G.L.c. 21, §17C.
The accident occurred within the area known as Goodrich Park, in an area near a ball field. It is undisputed that the defendant is the owner of the land where the plaintiff is alleged to have been injured. It is also undisputed that the minor plaintiff was using the land for a recreational purpose, namely, attending a summer day camp. See Catanzarite v. Springfield, 32 Mass.App.Ct. 976 (1992) (recreation pursuant to the Recreational Use Statute includes the active pursuits, such as playing basketball, and the passive pursuits, such as watching baseball). Lastly, it is undisputed that the Deans did not pay a fee for admission to the summer day camp.
Therefore, the plaintiff cannot recover for the injuries to her son under the Recreational Use Statute unless there is evidence that the defendant engaged in “wilful, wanton or reckless” conduct. G.L.c. 21, §17C. Accordingly, the motion raises only one issue requiring determination: whether or not defendant’s conduct was wilful, wanton or reckless.[2] Since the defendant would not have the burden of proof at trial, it could satisfy its burden on a motion for summary judgment by establishing that the plaintiff could not prove wilful, wanton or reckless conduct on defendant’s part, an essential element of her claim. See Kourouvacilis, 410 Mass, at 716.
This Court acknowledges that summary judgment is seldom granted in cases involving allegedly reckless conduct. Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991), citing Sony be v. Penn Cent Transp. Co., 438 F.Sup. 65, 69 (E.D.Pa. 1977). However, that rule is not absolute. See Manning v. Nobile, 411 Mass. 382, 388 (1991).
Wilful, wanton and reckless conduct has been defined as “intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another.” Manning, 411 Mass. at 387, citing Commonwealth v. Catalina, 407 Mass. 779,789 (1990). “Reckless failure to act involves intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another.” Sandler v. Commonwealth, 419 Mass. 334, 336 (1995), citing Manning, 411 Mass, at 387 n. 8. The risk of death or great bodily injury must be known or reasonably apparent, and harm must be a probable consequence of defendant’s election to run that risk or of his failure to reasonably *316 recognize it. Sandler, 419 Mass. at 336, citing Commonwealth v. Catalina, 407 Mass, at 789.
In the context of the Recreational Use Statute, the Supreme Judicial Court has described wanton and reckless conduct as “act[ing] or intentionally fail[ing] to do an act which it is [one’s] duty to [another] to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.” Sandler, 419 Mass, at 336, n.2, quoting Restatement 2d Torts, §500 (1965).
Therefore, there are two requirements before conduct is considered to be wanton or reckless. First, the defendant must knowingly or intentionally disregard an unreasonable risk. Second, the risk, viewed prospectively, must entail a high degree of probability that substantial harm would result to the plaintiff.
Defendant argues that the plaintiff cannot satisfy her burden to meet this standard, notwithstanding the obviousness to and knowledge by the defendant of the defect in the fence, as it appears to the defendant to be unlikely that the plaintiff can prove that the risk of harm was unreasonable nor that substantial harm could be expected to result. Therefore, defendant argues that under these circumstances there cannot be a showing of reckless or wanton conduct as a matter of law.
The plaintiff argues that defendant failed to take proper action to maintain, repair or replace the fence. Specifically, Dean claims that on the day of the incident, the fence where her son fell was deformed and jutting inward towards a pathway near the baseball field where it would be reasonably foreseeable that children would be playing, including running, and that this constituted a high risk of serious harm. Moreover, the plaintiff contends that the defendant had actual knowledge of the defective condition, as it had previously been the subject of discussion in an inspection by members of the Parks Commission of the defendant municipality. The plaintiff contends that following the inspection, an unreasonable period of inaction amounts to wilful, wanton and reckless conduct, in that there is a genuine issue of material fact as to whether the defendant disregarded a high risk of serious injuiy.
The cases in which courts have found defendant’s action amounted to wilful, wanton or reckless conduct involved an extremely high level of risk of death or serious bodily injuiy. See, e.g., Freeman v. United Fruit Co., 223 Mass. 300, 302 (1916) (deliberately throwing large, heavy roll of canvas stiffened with ice off deck from great height, thereby breaking plaintiffs leg); Romana v. Boston Elevated Ry., 218 Mass. 76, 78 (1914) (girl shocked and burned when she tripped into electrically charged pole on path commonly used by children with defendant’s permission, where defendant had been warned of condition of pole, and had done nothing); Sheehan v. Goriansky, 317 Mass. 10, 15 (1944) (finding warranted that driver’s conduct was reckless where driver knew that trespasser was on running board, increased speed, ran into pole, killing him); Baines v. Collins, 310 Mass. 523, 526-27 (1942) (question for jury whether truck driver was reckless where he knew boy on bicycle was holding onto heavy truck, continued to drive thirty-five miles an hour on asphalt highway, and suddenly and unnecessarily veered onto shoulder of road, throwing boy from bicycle and injuring him).
Among cases that have found that a defendant’s actions or omissions do not amount to wilful, wanton or reckless conduct are Monsey v. Ellard, 363 Mass. 693, 694 (1973) (failure to repair drain resulting in accumulation of ice on defendant’s premises, not wilful, wanton, or reckless conduct); Sawler v. Boston & Albany R.R., 339 Mass. 34, 36 (1959) (long-standing failure to fulfil statutory duly to maintain fence along right of way, thus permitting child to cross railroad tracks, not wilful, wanton or reckless misconduct); Carroll v. Hemenway, 315 Mass. 45, 46-47 (1943) (where police officer investigating building fell into unguarded and unlit elevator well, lack of repair not wilful, wanton, or reckless conduct); Sandler, 419 Mass. at 338-39 (defendant’s persistent failure to remedy defects in tunnel on traveled bikeway was neither “wanton” nor “reckless” even though defendant knew of danger because there was no high degree of risk that death or serious bodily injury would result from defendant’s inaction); Ali v. City of Boston, 441 Mass. 233 (2004) (regarding the construction of a gate across a pathway without lights or warning signs, the court stated that the city was not reckless in expecting the public to take care in navigating after dark on roads in a park which the plaintiff knew to contain traffic gates).
In Sandler the court decided as a matter of law that the Commonwealth’s persistent failure to remedy defects in a tunnel on a traveled bikeway was neither “wanton” nor “reckless” and, thus, the Commonwealth was not liable to bicyclist for injuries he sustained in fall caused by uncovered eight-inch wide, 12-inch long drain in unlit tunnel.[3] Sandler, 419 Mass, at 338-39. The court so concluded even though the Commonwealth knew of the danger posed by the chronically absent drain covers in chronically unlit tunnel, and did not respond reasonably. The court reasoned that although the Commonwealth behaved unreasonably in light of the danger posed, there was no high degree of risk that death or serious bodily injuiy would result from the Commonwealth’s inaction. Sandler, 419 Mass, at 338.
In comparing the undisputed facts of the case at bar with the above-mentioned cases, this court cannot state as a matter of law that the alleged conduct exhibited by defendant in the case at bar does not *317 amount to a high level of risk of serious bodily injury. It is not unforeseeable and should be readily apparent that children may be running near this fence without looking, such as chasing balls, and would not have an appreciation of the danger that would be apparent to adults. It is likewise foreseeable that anyone, including children, who came into sudden and accidental contact with the portion of the fence that jutted inward could lead to such a high level of risk of serious bodily injury.
The level of fault in this case, measured by the degree of risk of serious injury, appears to be sufficiently comparable to the cases in which found that it was a genuine issue of fact as to whether the evidence warranted a finding of wanton or reckless conduct.
Accordingly, since this case simply does not present a level of dangerousness so low that as a matter of law it does not warrant liability under G.L.c. 21, §17C, defendant’s motion for summary judgment is DENIED.

ORDER

For the foregoing reasons, it is ORDERED that defendant’s motion for summary judgment is DENIED.

“Any person having an interest in land . . . who lawfully permits the public to use such land for recreational . . . purposes without imposing a charge or fee . . . shall not be liable for personal injuries or property damage ... in the absence of wilful, wanton, or reckless conduct...” G.L.c. 21, §17C.

Wilful conduct as viewed by the statute will not be discussed in this decision because wilfulness in the sense of an intention to cause harm was not presented by the facts of this case. Moreover, wilfulness is intentional conduct that would likely come within the reservation of sovereign immunity of the Tort Claims Act, G.L.c. 258, sec. 10(c), for which conduct the public employer would not be responsible.

There was evidence that the Commonwealth had no policy for bikeway inspection, had no record of the existence or replacement of dram covers for a long period of time, and did not have dram cover replacements on hand.