AMY SEICH & another[1] *vs.* TOWN OF CANTON.

Norfolk. October 9, 1997. - November 6, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Negligence,* Municipality. *Municipal Corporations,* Liability for tort.

A Superior Court judge correctly concluded that a municipality's registration
    fee, collected by the recreational department to defray expenses for
    registrants' participation in a basketball league, was not a charge or fee for
    members of the public to use town land, with the result that a parent who
    was injured in a slip and fall on an alleged unnatural accumulation of ice
    on town property while attending her daughter's basketball game was
    precluded by the provisions of G. L. c. 21, § 17C, from bringing an action
    against the town. [84-86]

CIVIL ACTION commenced in the Superior Court Department on
March 23, 1995.

The case was heard by *Gordon L. Doerfer*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Jodi M. Petrucelli* for the plaintiffs.

*William P. Breen, Jr.*, for the defendant.

LYNCH, J. The plaintiffs appeal from the grant of summary
judgment in the Superior Court in favor of the defendant town.
We transferred the case here on our own motion and now af-
firm.

The plaintiffs allege that Amy Seich was injured as a result of
a slip and fall on an unnatural accumulation of ice on the town's
property while attending her daughter's basketball game. Her
husband's claim is for loss of consortium.

The town relies on the Commonwealth's recreational use

[1]Bruce Seich, her husband.

statute, G. L. c. 21, § 17C, as an affirmative defense.[2] The plaintiffs contend that G. L. c. 21, § 17C, does not apply because they paid a registration fee to the defendant's recreation department to enable their daughter to participate in the youth basketball league.[3, 4] General Laws c. 21, § 17C, provides:

> "An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor . . . shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of wilful, wanton or reckless conduct by such owner . . . . The liability of an owner who imposes a charge or fee for the use of his land by the public for recreational purposes shall not be limited by any provision of this section. No contributions or other voluntary payments not required to be made to use such land shall be considered a charge or fee within the meaning of this section."

The motion judge noted that it was undisputed that the town owned the property and that the premises were being used for recreational purposes. It was also undisputed that the registration fee was used to defray the costs "of the players' T-shirts, the referees, necessary athletic equipment and the league's expenses for custodians to open school gymnasiums for weekday evening and weekend practices and games." He concluded that the registration fee was a charge for participation in the basketball league and not an entrance fee for members of the public to use the property. Accordingly, he ruled that G. L.

---

[2]This section applies equally to publicly and privately owned land. See *Molinaro* v. *Northbridge*, 419 Mass. 278, 279 (1995); *Anderson* v. *Springfield*, 406 Mass. 632, 634 (1990).

[3]The town's recreation department had organized a youth basketball league and charged a $65 registration fee (except in cases of financial hardship) for participation to cover the league's incidental costs.

[4]The plaintiffs do not dispute they were engaged in a recreational pursuit. This court has never defined the term, however, the Appeals Court has construed the term "recreation" to include "not only active pursuits (playing baseball and the like) . . . but also passive pursuits, such as *watching* baseball, strolling in the park to see animals, flowers, the landscape architecture, or other sights, picnicking, and so forth" (emphasis added). *Catanzarite* v. *Springfield*, 32 Mass. App. Ct. 967 (1992). The plaintiffs also admit the parents were not charged an admission fee to watch the game.

c. 21, § 17C, applied and ordered summary judgment for the town. We agree.

The town charged no admission fee to the plaintiffs. The registration fee that the plaintiffs paid for their daughter was used to reimburse the league for its incidental expenses; a portion of the registration fee used to pay custodians to open the town's property after hours is not the equivalent of the town imposing a fee for the use of its land for recreational purposes. See *DiMella* v. *Gray Lines of Boston, Inc.*, 836 F.2d 718, 720 (1st Cir. 1988) (indicating plaintiff's action against museum that charged admission fee would not be precluded by G. L. c. 21, § 17C).[5] As the motion judge noted, "Whether or not the plaintiffs ever went to the school to watch their daughter, they still had to pay a fee for her to register with the basketball team. On the other hand, even if the plaintiffs did not register their daughter to play on the team, the plaintiffs, along with any other member of the public, could have gone to the school and observed the basketball game without paying a fee" (footnote omitted). To conclude otherwise would contravene the purposes of the Commonwealth's recreational use statute and discourage landowners from allowing free public access to their land for recreational purposes. The plaintiffs' action falls within the scope of G. L. c. 21, § 17C, and therefore, summary judgment for the town was appropriate.

*Judgment affirmed.*

---

[5]We also reject the plaintiffs' request that we interpret the word "land" in G. L. c. 21, § 17C, to exclude indoor areas such as the town's gymnasium from the protection of the statute. The statutory language does not create such distinctions, and we decline to do so by implication. *Leary* v. *Contributory Retirement Appeal Bd.*, 421 Mass. 344, 345 (1995). See *DiMella* v. *Gray Lines of Boston, Inc.*, 836 F.2d 718, 720 (1st Cir. 1988).