AGNES WHOOLEY *vs.* COMMONWEALTH. No. 00-P-716. February 7, 2003. *Commonwealth,* Liability for tort. *Metropolitan District Commission. Negligence, Snow and ice. Wilful, Wanton, or Reckless Conduct. Words,* "Recreational user."

*Background.* On February 10, 1996, the plaintiff visited the Anthony Lo-Conte Ice Rink, a facility in Medford owned by the Commonwealth, to watch her grandson play hockey. She alleges that she fell and was injured on a thin layer of ice covering a metal plate located on the walkway leading to the bleachers. She sued the Commonwealth in a complaint containing counts for negligence, gross negligence, willful, wanton or reckless conduct, and negligent infliction of emotional distress. The Commonwealth moved for summary judgment on the grounds that the recreational use statute, G. L. c. 21, § 17C, as in effect on February 10, 1996,[1] barred the plaintiff's negligence claims, and that there was no willful, wanton or reckless conduct as matter of

---

[1]The statute, as in effect in 1996, provided, in part: "An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor . . . shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of willful, wanton or reckless conduct by such owner. . . ."

law. The plaintiff countered that the statutory bar did not apply in the circumstances of her case and that, even if it did, there remained genuine issues of material fact concerning whether or not the Commonwealth's conduct was willful, wanton or reckless. The judge allowed the defendant's motion for summary judgment, and the plaintiff appealed. We affirm.

*Discussion.* At oral argument, the plaintiff acknowledged that, as a spectator, she was a "recreational user" under G. L. c. 21, § 17C. See *Catanzarite* v. *Springfield,* 32 Mass. App. Ct. 967, 967 (1992) ("recreation" under the statute includes participation in activities, such as sporting events, as well as attendance as a spectator). Although she was not charged a fee by the facility to enter the premises, she contends that as long as a rental charge was imposed for the hockey players' use of the rink and she was at the facility to watch them play, the statutory bar does not apply to her claim. Accordingly, she concludes, the Commonwealth is liable to her for its alleged negligence.

We first note that the plaintiff did not state in her pleadings that her grandson was a member of a youth hockey group which purportedly rented the rink. Similarly, the plaintiff introduced no evidence that the group actually paid for the use of the rink. An unrelated 1992 Metropolitan District Commission invoice is insufficient to prove payment by the hockey group on the day of the accident in 1996.

In any event, even if the youth hockey group did pay a fee to play at the rink, the plaintiff's claims against the Commonwealth would still be barred under the statute because she was not charged admission to the facility. Whether other "recreational users" paid a fee for their own use of the rink at the time in question is not determinative of her claim. Rather, the issue is whether the plaintiff paid a fee to the owner of the facility in exchange for her use of the premises as a spectator.

In *Seich* v. *Canton,* 426 Mass. 84 (1997), a parent, who later sued the town of Canton, fell on ice on the town's property while attending her daughter's basketball game. There, the registration fee paid by the parents on behalf of their daughter "was a charge for [her] participation in the basketball league and not an entrance fee for members of the public to use the property." *Id.* at 85. In upholding summary judgment for the town under the recreational use statute, the court concluded that whether or not the plaintiffs paid a registration fee for their daughter to play on the team was inconsequential since they, "along with any other member of the public, could have gone to the school and observed the basketball game without paying a fee." *Id.* at 86.

The plaintiff here agrees that she did not pay a fee to enter the rink to watch the hockey game. In this respect, she was no different from any other member of the public who could come in and watch. The rink manager stated in his affidavit that "members of the public may enter the facility at any time during operating hours without having to pay a fee . . . . At times when the ice is rented by an organization or a group, members of the public continue to have access to and may enter the facilities to observe that organization or group using the ice without having to pay a fee." Accordingly, the judge properly allowed summary judgment for the Commonwealth on the plaintiff's negligence claims.

After the Commonwealth pleaded the recreational use statute as a defense, the plaintiff added a count, on the same set of facts, alleging that the Com-

monwealth's conduct was willful, wanton or reckless. She argues on appeal, as she did below, that even if the negligence counts are barred by the statute, she should be allowed to go forward on the newly added claim. Yet the facts on the summary judgment record, although consistent with the plaintiff's original assertion of negligence, do not rise to the level of willful, wanton or reckless conduct by the Commonwealth. Accordingly, the Commonwealth's motion was properly allowed. Reckless conduct involves risk so pronounced that "compared to negligence, there is not just a difference in degree but also a difference in kind." *Sandler* v. *Commonwealth*, 419 Mass. 334, 337 (1995). See *id.* at 339-340 & nn. 4, 5 (listing case examples of what is and is not willful, wanton or reckless conduct).

*Judgment affirmed.*

*Lyn E. Erickson* for the plaintiff.

*Holly L. Parks*, Assistant Attorney General, for the Commonwealth.