White, Catherine A., J.
The plaintiff, Lucille Howes (“Howes”) injured her ankle when she fell or tripped over a chair while leaving a building at the United Methodist Church of Chatham, Massachusetts (the “Church”) where the defendant, Thomas Gallen (“Gallen”), was the pastor. Howes filed suit claiming Gallen was negligent in maintaining and controlling the premises, causing her injury. Gallen has filed a partial motion for summary judgment citing G.L.c. 21, §17C, the Recreational Use Statute (“Statute”), as an affirmative defense. For the reasons set forth below, the defendant’s partial motion for summary judgment is DENIED.

BACKGROUND

Considered in the light most favorable to the plaintiff, the non-moving party, the facts and reasonable inferences drawn from them follow. Mass.R.Civ.P. 56(c). On May 17, 2001, Howes, then 84years old and living independently at her home, was a congregant at the Church in Chatham, Massachusetts. Gallen was the Church’s pastor. Howes attended a meeting of the Church’s Women’s Group (“Women’s Group”) in the Church vestry’s meeting room. The Women’s Group usual activities were both recreational and religious in nature, including sponsoring speakers and social hours, holding fairs and rummage sales, and filling communion glasses for church services. Howes had been a member of the Women’s Group for over ten years, attended several meetings during that time, and had been in the meeting room and vestry on multiple occasions before the date of the incident. The Church did not charge the Women’s Group a fee to use the meeting room.
Access to and egress from the vestry was gained via a four-foot-wide hallway. Several folding chairs were stacked in the hallway, making it narrower than four feet on May 17, 2001. Howes had never seen chairs stacked in the hallway on prior occasions. When Howes was exiting the building through the hallway, she tripped and fell over the folding chair that was already on the ground or tripped over a folding chair which then fell to the ground. Howes sustained injuries to her ankle, culminating in a permanent disability requiring her to reside in an assisted living facility.
The Church made its premises available to church organizations and to Lower Cape Cod community service and non-profit entities (“outside entity”). In order for an outside entity to use the Church facilities, it was required to comply with an application procedure. Those entities wishing to use the Church submitted an application to the Church’s Board of Trustees (“Board”). Pursuant the Church’s Building Use Policy (“Policy”), the Church would make available its premises if the outside entity’s goals and purposes were “in conformity with those of the Church . . .” When scheduling conflicts arose between outside entities and church organizations, the latter took precedence over the former. The Church premises had, in fact, been used by local organizations such as the Boy Scouts, the Girl Scouts, and the Chatham Chorale.
Howes’ lawsuit claims that Gallen was negligent by failing to safely maintain the premises, allowing the hallway to be narrower than that required by the local building code, failing to inspect the hallway to ensure safe ingress and egress, failing to stack the chairs securely, failing to warn of the danger in the hallway, and failing to store the chairs in the designated storage area. These failures, the plaintiff claims, were the direct and proximate cause of her injuries. Gallen claims as an affirmative defense immunity under the Statute entitling him to summary judgment.

DISCUSSION

Summary judgment is appropriate when the moving party shows that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). When evaluating a summary judgment motion, the court looks at the evidence in the light most favorable to the non-moving party. See Mass.R.Civ.P. 56(c); O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submission of an affirmative defense negating an essential element of the claimant’s case or by demonstration of the unlikelihood of proof of that element of a claim at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The Statute shields a landowner from liability for personal injuries and property damage sustained by members of the public when the landowner lawfully permits the public to use the land, building, structures, and equipment located on the land for several purposes, among them, recreational and religious purposes. G.L.c. 21, §17C.[1] Immunity attaches provided that the landowner does not charge a fee and *241 does not engage in wilful, wanton, or reckless conduct relative to the public’s use of his land. Id. The Statute applies to privately and publicly owned land whether it be indoor or outdoor land. Seich v. Town of Canton, 426 Mass. 84 (1997); Anderson v. City of Springfield, 406 Mass. 632, 634 (1990). The land must be available to the general public. Seich, 426 Mass. at 86; Wholley v. Commonwealth, 57 Mass.App.Ct. 909, 910 (2003). When a special relationship exists between the plaintiff and defendant, however, the latter owing the former a duty of care, the Statute will not immunize the latter. Alter v. City of Newton, 35 Mass.App.Ct. 142 (1993).
In the present case, the Church owns premises, including the vestry and meeting room. While the Church did not charge a fee for the Women’s Group or to other groups to use its facilities, the record belies the conclusion that the premises were open for use by the general public. Clearly, outside entities made use of church facilities. Those outside entities, however, were limited to Lower Cape communiiy service and non-profit organizations which had to make application to the Board, subscribe to goals and policies that comported with those of the Church, and were a lower priority to church organizations if a scheduling conflict arose. Thus, the Church did not offer its land, buildings, structures, or equipment to the general public within the meaning of the statute.
Nor has Gallen provided admissible evidence to show that Howes or her Women’s Group were using the facility as members of the general public. The summary judgment record shows that the Women’s Group is comprised of church members whose activities benefit the Church, be it recreational or religious. Howes is a congregant of the Church and a ten-year member, at least, of the Women’s Group. Thus, it cannot be said that Howes, on the day of the incident, was a member of the general public making use of a meeting room made available to the general public. Therefore, although Gallen has shown that the Church did not impose a fee on Howes or the Women’s Group and that the Women’s Group convened for a recreational purpose, he has failed to prove by admissible evidence that Howes was a member of the general public using land made available by the Church to the general public. Accordingly, the motion for partial summary judgment fails.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Thomas Gallen’s partial motion for summary judgment is DENIED.

 In relevant part, the statute provides as follows: Any person having an interest in land including the structures, buildings, and equipment attached to the land, including without limitation . . . bodies of water, who lawfully permits the public to use such land for recreational, conservation, scientific, educational, environmental, ecological, research, religious, or charitable purposes without imposing a charge or fee therefor . . . shall not be liable for personal injuries or property damage sustained by such members of the public . . . while on said land in the absence of wilful, wanton, or reckless conduct by such person. Such permission shall not confer upon any member of the public using said land ... the status of invitee or licensee to whom a duty would be owed by said person. G.L.c. 21, §17C(a).