Lemire, James R., J.
This is a personal injury action in which the plaintiff, Michael J. Murphy (“Michael”), sets forth various claims in a twenty-three-count complaint against the defendants, the Wachusett Regional School District (“Wachusett”), John Kilcoyne, President of Sterling Youth Soccer Association (“SYSA”), and Sico America, Inc. (“Sico”). Wachusett and SYSA now move this court for summary judgment in their favor. The court held a hearing on the two motions on September 9, 2007. For the reasons discussed below, SYSA’s motion is DENIED, and Wachusett’s motion is ALLOWED.
BACKGROUND
The relevant disputed and undisputed facts, viewed in the light most favorable to the non-moving party, are as follows.
SYSA is a volunteer organization that runs Sterling Youth Soccer. Within SYSA are various leagues set up according to age groups ranging from under six years to high school. Michael’s sister was a player on a team in the under-twelve-year-old league. Michael was not a member of that league.
SYSA permitted the teams in the various leagues to have whatever end-of-the-year ceremony they deemed appropriate. Michael’s sister’s league chose to have a pizza party as their end-of-the-year ceremony. In order to accommodate the players, coaches, parents, and siblings, all of whom were invited to the party, SYSA contacted Wachusett about the use of one of the schools in the district, the Chocksett Middle School’s, facilities. SYSA had used Chocksett’s facilities on previous occasions.
Wachusett encourages the use of its facilities by the community. A party or organization wishing to use the facilities is required to fill out an “application and use” form that is submitted to the principal. If the principal approves the form, it is then passed on to the school superintendent, who likewise decides whether to approve the use. The party applying for use of the facilities may be charged a use fee depending on several factors including whether the group is nonprofit, youth, and/or local.
In this instance, Wachusett allowed SYSA to use Chocksett’s facilities and did not charge them a fee. On the day the incident occurred, Michael attended the party along with his father and sisters. Michael and his family, along with those attending the party, were not charged a fee by the school to use the facility. The party was held in the school’s cafeteria. In order to create space, several round, foldable cafeteria tables, manufactured by Sico, were place in their upright “stored” position and moved against the cafeteria walls. When Michael arrived, he recognized one of his friends, and the two immediately left the main group to play. As the two boys played, Michael climbed onto one of the stored tables. The table then unfolded, catching and pinching Michael’s finger, causing serious injuiy.
DISCUSSION I. Standard of Review
Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence *379 of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
Furthermore, it is well established in Massachusetts that summary judgment in an action for negligence is disfavored due to the jury’s unique position and capability in applying the reasonable person standard. Kelly v. Brigham, 51 Mass.App.Ct. 297, 300 (2001) citing Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984). This applies with equal force to cases involving alleged reckless conduct. Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This rule, however, is not absolute. Manning v. Nobile, 411 Mass. 382, 388 (1991).
II. SYCA’s Motion
SYCA argues that summary judgment should enter in its favor because they did not control the premises in question, and therefore, did not owe Michael any duty of care. As to this argument, however, the record contains sufficient evidence to raise genuine issues of material fact regarding the extent of control SYCA exercised over the tables.
For this reason, SYCA’s motion is DENIED.
III. Wachusett’s Motion
Michael claims that Wachusett was negligent in failing to protect the public and in failing to warn, as well as negligently inflicting emotional distress. Wachusett argues that because they allowed SYCA to use their land without charging a fee, they are immune from any personal injury that occurred on their premises by virtue of the Recreational Use Statute, G.L.c. 21, §17C. Michael counters by arguing that he attended a private pariy, and thus, the statute does not apply, and that even if the statute does apply, Wachusett’s conduct was wanton and reckless.
G.L.c. 21, §17C provides, in pertinent part, that:
[a]ny person having an interest in land including the structures, buildings and equipment attached to the land . . . who lawfully permits the public to use such land for recreational . . . [or] charitable purposes without imposing a charge or fee therefore . . . shall not be liable for personal injuries or property damage sustained by such members of the public . . . while on said land in the absence of wilful, wanton, or reckless conduct by such person.
The Massachusetts Legislature enacted the statute to encourage landowners to open their land to the public for free recreational and other usage without fear of liability for injuries sustained while on the properly. Ali v. City of Boston, 441 Mass 223, 235-37 (2004).
When asking whether a fee was charged, the salient question for the court is whether the particular plaintiff was charged a fee to use the land; whether another person or entity was charged for the use of the land is immaterial. See Whooley v. Commonwealth, 57 Mass.App.Ct. 909, 910 (2003) (“[T]he issue is whether the plaintiff paid a fee to the owner of the facility in exchange for her use of the premises ...”). In this case, there is no dispute that Wachusett did not charge Michael a fee to use the premises.
The statute also directs that the land must be available to the general public. See Seich v. Town of Canton, 426 Mass. 84, 86 (1997); Whooley, 909 Mass.App.Ct. at 910. The statute applies to private and public land, and it matters not whether the use occurred indoors or outdoors. Seich, 426 Mass. at 85, n.2, n.5. Here, the evidence in the record indicates that the school’s facilities were open to the public. Wachusett expressly encourages the use of its facilities by individual or organizational community members. Indeed, Wachusett has an application form dedicated to the community’s use of their facilities. Furthermore, their facilities are open to all organizations, as evidenced by its application and use forms covering both non-profit and for-profit groups. Based on the record, the court finds that Wachusett engaged in the type of conduct encouraged by the Recreational Use Statute when they lawfully opened their property for use by the public. See Seich, 426 Mass. at 86 (town recreational basketball league which used town gymnasium *380 open to public); Whooley, 909 Mass.App.Ct. at 910 (recreational ice hockey league which used town ice hockey rink open to public). Accordingly, in this instance, Wachusett falls within the ambit of G.L.c. 21, §17C, and therefore, they are immune from any personal injury resulting from counts sounding in negligence.
Michael also claims, however, that Wachusett’s conduct was wanton and reckless. Within the context of the Recreational Use Statute, reckless and wanton conduct is “act[ing] or intentionally fail[ing] to do an action which it is [one’s] duty to [another] to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.” Sandler v. Commonwealth, 419 Mass. 334, 336 (1995). There are, therefore, two requirements that must be met before conduct can be considered wanton or reckless. First, the defendant must knowingly or intentionally disregard an unreasonable risk. Second, the risk, viewed prospectively, must entail a high degree of probability that substantial harm would result to the plaintiff.
Michael argues that it was apparent that the tables, when placed in their stored position, created a danger to children, and that the school was wanton and reckless when they placed the tables in an area of the cafeteria accessible to children during the SYSA event. The evidence in the record, however, belies Michael’s argument and fails to create a genuine issue of material fact. Wachusett has used the type of table at issue here throughout the school district since 1997. Since that time, not a single complaint has been registered regarding the tables. There have been no reported incidents that the tables, which are folded and unfolded every day for cleaning, unexpectedly move from the stored to the flat position. There were no labels on the tables warning against such an incident, and the school received no notices, such as a recall from the manufacturer, regarding the tables. Furthermore, at this particular school, it was not unusual for the tables to be left in the cafeteria in the stored position, during periods when they would have been accessible to children.
This evidence presents a picture of a school district that has not experienced any problems with their folding tables, save for this one isolated incident involving Michael. The record lacks any evidence indicating that Wachusett knew, or should have known, that by putting the tables in their stored positions in an area accessible to children substantial injury was highly probable. In fact, the evidence shows the contrary: Wachusett’s practice of folding the tables and putting them in an area accessible to children had yielded no other incidents or complaints. Without more, the court cannot say that there is sufficient evidence in the record to create a genuine issue of material fact as to whether Wachusett knew or should have known that the tables, when folded, posed a high degree of probability that substantial harm would occur. See, e.g., Sandler v. Commonwealth, 419 Mass. at 337-38 (defendant’s persistent failure to remedy defects in a bikeway tunnel, including missing drain covers and less-than-adequate lighting, did not rise to level of dangerousness warranting liability under G.L.c. 21, §17C, even though defendants had knowledge of defects); Robitaille v. Attleboro, Civil No. 95-00515 (Bristol Super.Ct. Feb. 8, 1996) [5 Mass. L. Rptr. 130] (Tierney, J.) (defendant’s motion for summary judgment allowed where no evidence of wilful, wanton, or reckless conduct where 3 1/2-year-old plaintiffs finger was partially severed after being caught in a heavy, unmarked steel exit door, and where no similar incidents had taken place).
For the foregoing reasons, Wachusett’s motion for summary judgment is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that SYSA’s Motion for Summary Judgment is DENIED and that Wachusett’s Motion for Summary Judgment is ALLOWED.