Lemire, James R., J.
This is a personal injury action in which the plaintiff, Margaret Crowley (Crowley) is seeking damages for injuries she sustained as a result of a fall while roller skating at the Orange Armory (Armoiy). At the time of the injury the Armoiy was owned by the Town of Orange (Town) and leased to the Orange Roller Skating Association, Inc. (Association). The matter is before the court on the Town’s Motion for Summary Judgment. For the reasons discussed below the Town’s motion is DENIED.

BACKGROUND

The defendant, Town, purchased the Armoiy in 1990 for $1. The Armoiy Commission appointed by the Selectmen oversaw the running of the Armory and leased the same to different groups including, for a time, the Association, a charitable organization. During the Association’s tenancy, it paid rent to the Town in the amount of $125 per week. The Association held-public skating sessions in the Armory each week, for which it charged both an admission fee and a skate rental fee. These fees were used, in part, to pay the rent owed to the Town. The plaintiff was injured during one of the Association’s public skating sessions. She sued both the Association and the Town alleging negligence.

DISCUSSION

I. Standard of Review

Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 *479 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809: Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
Furthermore, it is well established in Massachusetts that summary judgment in an action for negligence is disfavored due to the jury’s unique position and capability in applying the reasonable person standard. Kelly v. Brigham, 51 Mass.App.Ct. 297, 300 (2001), citing Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984). This applies with equal force to cases involving alleged reckless conduct. Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This rule, however, is not absolute. Manning v. Nobile, 411 Mass. 382, 388 (1991).

II. Town’s Motion

The only issue before the court is the Town’s assertion that the recreational use statute, G.L.c. 21, §17C, immunizes it from liability under the circumstances of this case. That statute reads, in pertinent part:
Any person having an interest in land . . . who lawfully permits the public to use such land for recreational . . . purposes without imposing a charge or fee therefore, or who leases such land for said purposes ... to any nonprofit corporation, trust or association, shall not be liable for personal injuries . . . sustained by such members of the public.
G.L.c. 21, §17C(a) (emphasis added). The SJC has pointed out that the purpose of the statute is “to encourage landowners to permit broad, public, free use of land for recreational purposes by limiting their obligations to lawful visitors under the common law.” Ali v. City of Boston, 441 Mass. 223, 238 (2004) (emphasis added).
Although the statute explicitly protects lessors from liability, that protection is limited. Upon parsing the statute, three requirements emerge in order for a lessor to qualify for immunity: (1) the lessor must lease the land to a nonprofit organization, (2) which will offer the land to the public for recreational use, (3) without charge. Omitting the third requirement in a lease situation would not only contradict the language of the statute, it would frustrate the veiy purpose of the statute, that is, to permit the “free” use of land by the public. While the first two requirements appear to have been satisfied in this case, the Town has not disputed the plaintiffs testimony that she was charged an admission fee to enter the roller skating rink.
The Town’s argument that it did not personally charge the plaintiff any fee to use the property is unavailing. Each case cited by the defendant involved a plaintiff who entered onto property free of charge, period. See Ali, 441 Mass. at 234 (plaintiff injured in public park owned by the city and open to the public free of charge), Catanzarite v. Springfield, 32 Mass.App.Ct. 967, 967 (1992) (plaintiff injured in free public park maintained by the city), Anderson v. Springfield, 406 Mass. 632, 633 (1989) (plaintiff injured on baseball diamond in free public park), Seich v. Canton, 426 Mass. 84 (1997) (Court rejected plaintiffs argument that the registration fee she paid to her daughter’s basketball league constituted an entiy fee, and instead found that the plaintiff, as a spectator, was permitted to enter the gymnasium, where she was injured, free of charge).
The defendant has cited no case, and I can find none, where an owner was found immune from liability under G.L.c. 21, §17C, when it allowed a lessee or licensee to charge an admission fee. Indeed, the Seich Court noted a federal case, which it read to bar application of the recreational use statute to the fed *480 eral government in a situation where the plaintiff was injured on her way to a museum, which rented its building from the government and charged an admission fee. 426 Mass. at 84, citing DiMella v. Gray Lines of Boston, Inc., 836 F.2d 718, 720-21 (1st Cir. 1988) (holding that issues of fact surrounding the characterization of the rent paid to the government and the amount of rent charged, favored reversal of the trial court’s dismissal). Although the DMella opinion did not discuss the “lease” language found in the recreational use statute, it would appear that the statute itself would have governed the facts of that case, and precluded the government from claiming immunity as a matter of law.
In any event, this court finds that the language of the statute and/or the holding of DMella (noting that the rental circumstances create disputed issues of fact) require the denial of the Town’s motion.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Town’s Motion for Summary Judgment is DENIED.