Kern, Leila R., J.
This is a personal injury action in which the plaintiff, Amelia Hoffman, sets forth claims of negligence[1] and wilful, wanton and reckless conduct as a result of injuries she sustained while on the property of the defendant, the Town of Burlington. Now before this court is Burlington’s Motion for Summary Judgment.
BACKGROUND
On August 30, 2006, at approximately 7:30 p.m., Hoffman attended her son’s Pop Warner football game at the Marshall Simonds Middle School in Burlington, MA. After the game, Hoffman walked to her car, parked in the lower parking lot of the school. As she proceeded to the driver’s door to get into her vehicle, she stepped into a rainwater-filled hole in the parking lot and fell, suffering injuries. The Pop Warner football league was not charged a fee to use the school’s fields and Hoffman was not charged a fee to attend the game.
DISCUSSION
I. Standard of Review
Summaiy judgment is appropriate when the summary judgment record shows “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and the summaiy judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating the non-moving party has no reasonable expectation of proving an essential element of her case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summaiy judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in her favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the opposing party has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summaiy judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating even where the facts are disputed, “summaiy judgment is still available if the party with the burden of proof at trial . . . fails to present in the summaiy judgment record, taking ev-eiything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
This court notes summaiy judgment is rarefy granted in negligence actions or actions involving reckless conduct. Manning v. Noble, 411 Mass. 382, 388 (1991), citing Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This rule, however, is not absolute. Id.
*242 II. Hoffman’s Claims
Burlington argues this court should dismiss Hoffman’s claims because the Recreational Use Statute, G.L.c. 21, § 17C, precludes her claim of negligence, and because Burlington’s actions were not willful, wanton or reckless as a matter of law.
General Laws, c. 21, §17C provides, in pertinent part,
[a]ny person having an interest in land including the structures, buildings and equipment attached to the land . . . who lawfully permits the public to use such land for recreational . . . [or] charitable purposes without imposing a charge or fee therefore . . . shall not be liable for personal injuries or property damage sustained by such members of the public . . . while on said land in the absence of wilful, wanton, or reckless conduct by such person.
The Massachusetts Legislature enacted the statute to encourage landowners to open their land to the public for free recreational and other usage without fear of liability for injuries sustained while on the property. Ali v. City of Boston, 441 Mass. 233, 235-37 (2004).
In applying the statute, this court must ask whether a particular plaintiff was charged a fee for use of the property. Whooley v. Commonwealth, 57 Mass.App.Ct. 909, 910 (2003). This court must also ask whether the land was available to the general public. Seich v. Town of Canton, 426 Mass. 84, 86 (1997); Whooley, 57 Mass.App.Ct. 910. The statute applies to both public and private land and the use may occur indoors or outdoors. Seich, 426 Mass. at 85, n. 2, n.5.
Here, Hoffman’s use of the middle school’s properly fits comfortably within the Recreational Use Statute. The undisputed evidence in the record shows Burlington allowed the Pop Warner League to use its field and allowed Hoffman and other spectators to enter onto their property without charging a fee. (Burlington’s Motion for Summary Judgment, Affidavit of Donald Roberts, ex. C.) See Whooley, 57 Mass.App.Ct. at 910 (holding town recreational ice rink open to public where any member of the public could enter rink and watch activities). Furthermore, Hoffman entered for a recreational pursuit; i.e., to watch her son’s football game. See Catanzarite v. Springfield, 32 Mass.App.Ct. 967, 967 (1992) (“recreation" under the statute includes participation in activities, such as sporting events, as well as attendance as a spectator). As a result, Burlington is immune from Hoffman’s claim for negligence.[2]
Hoffman also argues factual questions remain as to whether Burlington’s failure to patch the hole it knew or should have known existed amounts to wilful, wanton, or reckless behavior. The degree of risk and harm brought about by wilful, wanton or reckless behavior within the context of the Recreational Use Statute was addressed at length by the Supreme Judicial Court in Sandler v. Commonwealth, 419 Mass. 334 (1995).
In Sandler, the plaintiff was injured when he fell off his bicycle while riding through a tunnel under a bridge in Cambridge. Id. at 335. The plaintiffs fall was caused by an uncovered, eight-inch-wide, twelve-inch-long drain in the tunnel, which was unlit. Id. The defendants knew several of the lights in the tunnel were missing and that vandals had stolen the drain cover. Id. The Court began by stating wilful, wanton or reckless conduct “involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another . . . The risk of death or grave bodily injury must be known or reasonably apparent, and the harm must be a probable consequence of the defendant’s election to run that risk or of his failure reasonably to recognize it.” Id. at 336. The Court then went on to hold the conduct by the defendant did not rise to the level of wilful, wanton or reckless behavior because its conduct did not present a risk that death or grave injury would occur. Id. at 340. In so doing, the Court discussed several cases where a finding of wilful, wanton or reckless conduct was warranted, all of which encompassed particularly dangerous conduct and where the outcome was severe bodily injury or death. Id. at 339, n.4, n.5.
Here, in line with Sandler, the defect complained of by Hoffman does not rise to the level of wilful, wanton, or reckless conduct. The claimed defect on Burlington’s property is a hole in the parking lot measuring approximately 11 inches in diameter with a maximum depth of 3 inches. (Burlington’s Motion for Summary Judgment, ex. d.) The failure to patch such a hole certainly has the potential to cause injury; indeed, viewing the facts in the light most favorable to Hoffman, it did. The risks posed by the failure to patch such a hole and the types of injury that could result, however, cannot as a matter of law be said to entail the risk of substantial harm resulting in death or grave bodily injury. See, e.g., Ali, 441 Mass. at 238-39 (installation of large metal gate across path opening without warning signs or lighting did not give rise to potential for death or grave bodily injury); Sandler, 419 Mass. at 337-38 (missing drain covers and persistent failure to fix lighting in bike tunnel did not give rise to risk of death or grave bodily injury even where defendants knew of such defects); Scanlon v. Department of the Army, Corps of Engineers, 277 F.3d 598 (1st Cir. 2002) (not wilful, wanton or reckless conduct where plaintiff fell into a partially secured manhole in parking lot of recreational area owned by defendant).[3] While this court does not intend to minimize the injuries suffered by Hoffman, stepping into a 3-inch-deep hole is precisely the type of injury the Recreational Use Statute was enacted to protect landowners against liability for.
*243 Consequently, for the foregoing reasons, Burlington’s Motion for Summaiy Judgment is ALLOWED.
ORDER
It is hereby ORDERED Burlington’s Motion for Summary Judgment be ALLOWED.

 Count I of Hoffman’s complaint is styled “Claim pursuant to M.G.L.ch. 258, Massachusetts Torts Claim Act.”

 Hoffman argues the Recreational Use Statute applies only to locations specifically designed for recreational uses. Because Burlington is required to provide educational facilities, part of which includes athletic fields, Hoffman argues, they should not be able to claim the Recreational Use Statute applies here. Hoffman’s argument, however, misses the intention of the Legislature in enacting the Recreational Use Statute, which was to encourage land owners to open their land to the public for recreational pursuits regardless of whether the land was specifically designed for recreational purposes. See Ali, 441 Mass. at 235-37. To accept Hoffman’s argument here would run contrary to the Legislature’s intent and undermine the purpose of the statute. Id. at 238.

 This court notes several Massachusetts Superior Courts have reached a similar conclusion given comparable circumstances. See, e.g., Spagnulo v. Commonwealth, Civil No. 2003191 (Hampden Super.Ct. March 15, 2006) (Veils, J.) [20 Mass. L. Rptr. 728] (not wilful, wanton or reckless conduct where bleachers at state-owned hockey arena did not have railings and posed a 6-foot fall to the ground); Sanderson v. Town of Reading, Civil No. 985978F (Super.Ct. May 23, 2001) (Gants, J.) (not wilful, wanton or reckless conduct where deck on children’s sandbox contained a gap that defendants knew about); Stewart v. Town of Hudson, Civil No. 994959 (Super.Ct. Nov. 30, 2000) (Bohn, J.) [12 Mass. L. Rptr. 499] (not wilful, wanton, or reckless conduct where town placed two cement posts with wire strung across path without lights or warning). But see Dean v. City of Fitchburg, Civil No. 031058 (Super.Ct. May 3, 2005) (Fecteau, J.) [19 Mass. L. Rptr. 315] (genuine issue of material fact as to whether a defective metal fence in park owned by defendant constituted wilful, wanton or reckless conduct); Smith v. Ralph C. Mahar Reg'l Sch. Comm., Civil No. CA9700722B (Super.Ct. Sept. 12, 2000) (genuine issue of material fact as to whether plaintiffs six-foot fall from bleachers on defendant’s land constituted wilful, wanton or reckless conduct).