Connon, Richard F., J.

INTRODUCTION

The plaintiff, Deborah Silva (“Silva”), brought this negligence action against the defendants, Town of Falmouth (“Town") and Massachusetts Interlocal Insurance Association (“Insurance Association”), seeking to recover damages for personal injuries she suffered when falling on the Town’s property. The matter is before the court on the Town’s motion for summary judgment. For the following reasons, the motion is ALLOWED.

BACKGROUND

On the evening of March 16, 2006, Silva attended an awards ceremony at the Falmouth High School (“school”) that was open to the public at no charge. The school maintains two parking areas in the shape of large circles with driveways running along the perimeter. The driveways are flanked on each side by parking spaces situated along the curbing. On the evening in question, the school did not charge parking fees.
At around 8:30 p.m., after the event had concluded, Silva and her companions left the school through the main entrance and headed towards the upper circle where she had parked.[2] As Silva stepped off the sidewalk and onto the driveway, she fell and fractured her ankle. At first, Silva didn’t know how she fell, but after driving around the circle again, she figured that she must have tripped over an elevated catch basin near the curbing.
On June 6, 2006, Silva served the Town with a notice of her injury. Before this notice, the Town did not know that the catch basin was defective. Subsequently, Silva filed a complaint charging negligence against the town and violation of G.L.c. 176D against the Insurance Association. After discovery, the town moved for summary judgment.

DISCUSSION

I. Standard of Review

The court shall allow a motion for summaiyjudgment where the record shows that no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Highlands Ins. Co. v. AeroVox, Inc., 424 Mass. 226, 232 (1997); Mass.RCiv.P. 56(c) (2008). The moving party bears the burden of showing both the absence of a material fact and that it is entitled to a favorable ruling as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 711-12 (1991); Mass.R-Civ.P. 56(c). A fact is “material” if it “might affect the suit under the applicable law.” Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).
In opposing the motion, the nonmoving party cannot simply make bare assertions of disputed facts. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Rather, he must allege specific facts and produce admissible evidence into the record. Id. In determining whether a factual dispute exists, the court will construe the facts in the light most favorable to the nonmoving party. Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).

II. Analysis

A. Parties’ Arguments

In its motion for summary judgment, the Town argues that the Recreational Use Statute bars Silva’s action because she has not proved recklessness. The Town further asserts that Silva made an untimely presentment of her claims. In her opposition, Silva contends that she may pursue her negligence claim under G.L.c. 84, §15 because her injury occurred on *558 a public way. As will be discussed below, the Town’s motion is allowed.

B. Recreational Use Statute Bars Silua's Negligence Claim

The court will allow the Town’s motion for summary judgment because the Recreational Use Statute bars negligence actions against municipalities. Molinaro v. Northbridge, 419 Mass. 278, 279 (1995) (holding suit under Recreational Use Statute requires recklessness). The Recreational Use Statute provides that a person “who lawfully permits the public to use his land for recreational . . . purposes without imposing a charge or fee therefor . . . shall not be liable for personal injuries . . . sustained by such member of the public . . . while on said land in the absence of wilful, wanton, or reckless conduct. . .” G.L.c. 21, §17C (emphasis added). The Recreational Use Statute applies here because the Town is a municipality. Anderson v. Springfield, 406 Mass. 632, 634 (1990).
The Recreational Use Statute bars Silva’s negligence claim because her injury occurred at a recreational event. Recreation means “refreshment of strength and spirits after work [or] a means of . . . diversion.” Catanzarite v. Springfield, 32 Mass.App.Ct. 967, 967 (1992). Silva suffered an injury during a recreational activity because she fell after attending the awards ceremony. Whooley v. Commonwealth, 57 Mass.App.Ct. 909, 910 (noting spectator hurt at grandson’s hockey game was recreational user). More importantly, the event was open to the public at no charge. G.L.c. 21, §17C; Seich v. Canton, 426 Mass. 84, 86 (1997) (holding Recreational Use Statute bars plaintiffs negligence suit because her injuries occurred at high school game at no charge).
Finally, Silva cannot succeed under the Recreational Use statute because the summary judgment record contains no evidence of recklessness. Recklessness is the “intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial ham will result to another.” Sandler v. Commonwealth, 419 Mass. 334, 336 (1995). The Town was not reckless because it had no notice of the defective catch basin.[3] Ali v. Boston, 441 Mass. 233, 239 (2004) (holding town not reckless even though it could have improved lighting and placed warning signs on hazardous pathway); Sandler, 419 Mass. at 338-39 (holding town not reckless in failing to repair dangerous bikeway even though it knew of missing drain covers). Therefore Silva’s action fails as a matter of law because it is barred by the Recreational Use Statute.
C. Silva’s Claim also Fails under G.L.c. 84
Summary judgment is also appropriate because Silva cannot succeed under chapter 84. A person who “sustains bodily injury by reason of a defect or a want of repair ... in or upon a way, and such injury or damage might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the county, city, town or person by law obliged to repair the same, he may . . . recover damages therefor from such county, city, town or person . . .” G.L.c. 84, §15 (1998 ed.). A defect is “anything in the condition or state of the roadway which renders it unsafe or inconvenient for ordinary travel.” Ram v. Charlton, 409 Mass. 481, 486 (1987). A municipality must maintain free of defect any way that has become public by: “(1) a laying out by public authority in the manner prescribed by statute . . .; (2) prescription; and (3) prior to 1846, a dedication by the owner to public use, permanent and unequivocal . . . coupled with an express or implied acceptance by the public.” Fenn v. Middleborough, 7 Mass.App.Ct. 80, 84 (1979). In actions against governmental entities, chapter 84 provides the sole and exclusive remedy for plaintiffs harmed by a defect in a public way. Trioli v. Sudbury, 15 Mass.App.Ct. 394, 396 (1983).
Silva may not maintain her chapter 84 action because she has not proved that her injury occurred on a public way. Even if Silva could establish this element, her presentment was untimely because the Town received her notice more than thirty days after the incident. See G.L.c. 84, §18 (imposing timing restriction on presentment); Farrell v. Boston Water & Sewer Comm’n, 24 Mass.App.Ct. 583, 591 (1987) (acknowledging timely presentment is indispensible prerequisite to c. 84, §15 action). Therefore, Silva’s chapter 84 action fails as a matter of law.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Town of Falmouth’s motion for summary judgment be ALLOWED.

The upper circle was one of the two parking areas located in front of the school.

Silva’s complaint did not even plead recklessness.