NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1848                                    Appeals Court

SUSAN M. AMARAL  vs.  SEEKONK GRAND PRIX CORP.

No. 13-P-1848.

Bristol.     October 6, 2014. - January 14, 2016.

Present: Cypher, Grainger, & Maldonado, JJ.

Negligence, One owning or controlling real estate.

Civil action commenced in the Superior Court Department on May 2, 2012.

The case was heard by Richard T. Moses, J., on a motion for summary judgment.

Melody A. Alger for plaintiff.
Jacqueline L. Allen for the defendant.

MALDONADO, J.  The Massachusetts recreational use statute[1]

provides that those who make their land available to the public

for "recreational . . . purposes without imposing a charge or

fee therefor, . . . shall not be liable for personal injuries

. . . sustained by such members of the public . . . in the

_____

[1] The statute also has been referred to as the "public use statute." Ali v. Boston, 441 Mass. 233, 235 (2004).

absence of wilful, wanton, or reckless conduct by [the landowner]."  G. L. c. 21, § 17C(a), as appearing in St. 1998, c. 268.  In this case, we are asked whether the statute bars a claim of negligence asserted by a mother (the plaintiff) who was injured by an errant "go-cart" while watching her sons drive go-carts at the defendant's recreational facility.  The facility does not charge an admission onto the grounds but sells tickets for its rides, and the plaintiff had purchased tickets for use by her sons.  We conclude that the statute does not bar relief for injuries caused by negligence in these circumstances.

Background.  Seekonk Grand Prix Corp.[2] (Grand Prix) is a Massachusetts corporation that operates a commercial recreational facility offering, among other activities, go-cart races.  Grand Prix charges a fee for the go-carts, miniature golf, bumper cars, and other similar activities.  It does not charge a fee to watch these activities, nor does it charge a fee to enter the facility.

On May 25, 2009, the plaintiff took her two sons, ages eleven and thirteen years of age, to Grand Prix's facility.  She purchased six tickets for her sons' use.  At the time of the injury, she was standing behind a chain link fence as she

---

[2] As the case was decided on Grand Prix's motion for summary judgment, we recite the undisputed facts in the summary judgment record in the light most favorable to the plaintiff.  See Longval v. Commissioner of Correction, 404 Mass. 325, 327 (1989).

watched her sons drive the go-carts. After the other drivers had returned to the station, a go-cart driven by a young girl went through the fence and struck the plaintiff, causing a number of injuries, including a pulmonary embolism that resulted from a blood clot in her left leg.

The plaintiff filed a negligence action against Grand Prix in the Superior Court. A judge of that court granted Grand Prix's motion for summary judgment based on the recreational use statute, citing case law indicating that the statute provides immunity from liability when a landowner does not impose a charge or fee for an injured plaintiff's recreational use of the land. See Seich v. Canton, 426 Mass. 84, 85-86 (1997); Whooley v. Commonwealth, 57 Mass. App. Ct. 909, 910 (2003). Contrast Marcus v. Newton, 462 Mass. 148, 155 (2012);. The judge concluded that Grand Prix was entitled to immunity from liability under the statute because the plaintiff was using the facility in a recreational capacity as a spectator and the facility did not charge the plaintiff or other members of the public for this particular recreational use of the property.

Discussion. 1. Standard of review. "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v.

Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  See

Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002).

Although "[n]egligence cases are not frequently resolved by

summary judgment, . . . a judge may decide the issue as a matter

of law . . . where[, as here,] the defendant offers a statutory

exemption from liability as an affirmative defense."  Patterson

v. Christ Church in the City of Boston, 85 Mass. App. Ct. 157,

159 (2014) (quotation and citation omitted).  Our review is de

novo.  See American Intl. Ins. Co. v. Robert Seuffer GmbH & Co.

KG, 468 Mass. 109, 113, cert. denied, 135 S. Ct. 871 (2014).

2.  Recreational use statute.  The statute states, in

relevant part:

> "(a) Any person having an interest in land . . . who
> lawfully permits the public to use such land for
> recreational . . . purposes without imposing a charge or
> fee therefor . . . shall not be liable for personal
> injuries . . . sustained by such members of the public
> . . . in the absence of wilful, wanton, or reckless
> conduct[3] by such person. . . .
>
> "(b) The liability of any person who imposes a charge
> or fee for the use of his land by the public for the
> purposes described in subsection (a) shall not be limited
> by any provision of this section.  For the purposes of this
> section, 'person' . . . shall include, without limitation,
> . . . [a] corporation, company or other business
> organization . . . ."

G. L. c. 21, § 17C, as appearing in St. 2008, c. 513.  The

statute "grants an exemption from liability for ordinary

_____

[3] The plaintiff does not claim that Grand Prix's conduct was wilful, wanton, or reckless.

negligence where [1] a defendant has an interest in land, [2] the plaintiff was injured when engaged in a recreational activity on that land, and [3] the defendant did not 'impos[e] a charge or fee' for the injured plaintiff's use of the land." Patterson, supra at 160 (citation omitted).  As the plaintiff only challenges the second and third factors, we focus our discussion on them.

    3.  Recreational activity and imposing a fee.  We begin by noting that the statute does not define the term "recreation" and that our cases have not definitively addressed the extent to which it may include watching others engaged in a recreational activity.[4]  We further note that although the Supreme Judicial Court commented in Seich, 426 Mass. at 85 n.4, that "the Appeals Court [in Catanzarite v. Springfield, 32 Mass. App. Ct. 967, 967 (1992),] has construed the term 'recreation' to include . . . 'passive pursuits, such as watching baseball,'" the Supreme Judicial Court prefaced this remark by stating that it had "never defined the term."  Thus, even though the Supreme Judicial Court has cited the dicta in Catanzarite, it has done so "in a manner that leaves in some doubt its own views of the

---

[4] See, e.g., Catanzarite v. Springfield, 32 Mass. App. Ct. 967, 967 (1992) (reference in dictum to "watching baseball"). See also Seich, 426 Mass. at 85 n.4 (defendant conceded plaintiffs were engaged in recreation); Whooley, 57 Mass. App. Ct. at 910 (same).

principle."  Nantasket Beachfront Condominiums, LLC v. Hull Redev. Authy., 87 Mass. App. Ct. 455, 464 n.13 (2015).

We need not decide, however, whether entering land for the sole purpose of watching others engaged in a recreational activity itself qualifies as recreation under the statute.  The circumstances of this case involve a parent who accompanied minor children, purchased their tickets, and remained to supervise them.  As a parent, the plaintiff was using the facility for the recreation of her children, and she paid for that use by purchasing tickets.  Grand Prix could fully anticipate that a parent accompanying minor children and paying a fee on their behalf would qualify as a paying customer under the statute.  Otherwise stated, Grand Prix collected, and the plaintiff paid, a fee for her particular use of the land.  See G. L. c. 21, § 17C(b).[5]  In these circumstances, application of the statute's immunity provision "would undermine the very purpose of the statute:  to encourage landowners to permit broad, public, free use of land for recreational purposes by limiting their obligations to lawful visitors under the common law" (emphasis supplied).  Ali v. Boston, 441 Mass. 233, 238 (2004).

---

[5] Notably, nothing in the summary judgment record suggests that the plaintiff could not have used the tickets herself.

Conclusion.  Because the plaintiff was charged a fee for
her particular use of the land, summary judgment was not
appropriate.[6]  The judgment is vacated and the case is remanded
to the Superior Court for further proceedings consistent with
this opinion.

So ordered.

---

[6] In view of our conclusion, we need not address the
plaintiff's remaining arguments.