WILLIAM ANDERSON & others[1] *vs.* CITY OF SPRINGFIELD.

Hampden. October 5, 1989. - February 12, 1990.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Statute*, Construction. *Massachusetts Tort Claims Act. Negligence*, Municipality. *Municipal Corporations*, Liability for tort.

General Laws c. 21, § 17C, a statute limiting the liability of "an owner of land" who permits recreational use of such land by the public free of charge, when considered in light of § 2 of G. L. c. 258, the Massachusetts Tort Claims Act, was applicable to claims against a city arising from an individual's alleged injury on a municipally owned softball diamond. [634]

CIVIL ACTION commenced in the Superior Court Department on February 23, 1988.

A motion for summary judgment was heard by *John F. Moriarty*, J.

The Supreme Judicial Court on its own initative transferred the case from the Appeals Court.

*Mary Anne Stamm* for the plaintiffs.

*Patricia T. Martinelli*, Assistant City Solicitor, for the defendant.

*Peter Antell & Robert A. Cohen*, Assistant Corporation Counsels, for the city of Boston, amicus curiae, submitted a brief.

LYNCH, J. The plaintiffs appeal from the entry of summary judgment in the Superior Court in favor of the defendant. We transferred the case to this court on our own motion, and affirm.

---

[1]Marilyn Anderson, his wife, and William Anderson, Jr., and Robert J. Anderson, his minor children.

The plaintiffs' action alleged that William Anderson was injured as a result of a defect in home plate on a softball diamond in a public park, and that the defendant's negligence caused the defect. The other plaintiffs claim loss of consortium and mental anguish derived from the injuries sustained by William Anderson.

The city relies on the Commonwealth's recreational use statute, G. L. c. 21, § 17C (1988 ed.), as an affirmative defense. General Laws c. 21, § 17C, provides:

"An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor, or who leases his land for said purposes to the commonwealth or any political subdivision thereof shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of wilful, wanton or reckless conduct by such owner, nor shall such permission be deemed to confer upon any person so using said land the status of an invitee or licensee to whom any duty would be owed by said owner. The liability of an owner who imposes a charge or fee for the use of his land by the public for recreational purposes shall not be limited by any provision of this section."

The motion judge noted that it was undisputed that the city was the owner of the field where the injury occurred, and that it permitted the public to use the field for recreational purposes without charging a fee. He ruled, therefore, that G. L. c. 21, § 17C, applied, and since no wilful, wanton, or reckless conduct was alleged, he granted the city's motion for summary judgment.

On appeal, the plaintiffs contend that the Legislature did not intend to include the Commonwealth or any of its subdivisions within the meaning of the term "owner[s] of land" in G. L. c. 21, § 17C. In support of this contention, the plaintiffs point to the fact that G. L. c. 21, § 17C, was passed

prior to the enactment of the Massachusetts Tort Claims Act, G. L. c. 258, and that Massachusetts governmental entities were therefore already largely immune from civil liability at the time when the statute was passed.

General Laws c. 21, § 17C, has not been interpreted in any previous decision of this court or the Appeals Court. The United States Court of Appeals for the First Circuit interpreted the statute in *DiMella* v. *Gray Lines of Boston, Inc.*, 836 F.2d 718 (1st Cir. 1988), a case in which the plaintiff was injured while stepping off a bus in the Charlestown Navy Yard.

Even if we concede for the purposes of argument that some ambiguity exists in G. L. c. 21, § 17C, the Massachusetts Tort Claims Act resolves all doubt in favor of the city.

General Laws c. 258, § 2, provides that governmental entities are to be liable "in the same manner and to the same extent as a private individual under like circumstances." We have said "actions brought under the [Massachusetts Tort Claims] Act are governed by the same principles that apply to actions involving private parties," *Dinsky* v. *Framingham*, 386 Mass. 801, 804 (1982), and that governmental entities are put "on the same footing as private tort defendants." *Gallant* v. *Worcester*, 383 Mass. 707, 714 (1981). The Massachusetts Tort Claims Act, therefore, in effect provides the city a statutory defense against the plaintiffs' claim even if G. L. c. 21, § 17C, is unclear in this regard. See *DiMella* v. *Gray Lines of Boston, Inc., supra* at 720 (reaching same conclusion under Federal Tort Claims Act).

*Judgment affirmed.*