Lauriat, J.
The plaintiff, Brian D. Hunt (“Hunt”) brought this action against the City of Newton (“the City”) to recover damages for injuries Hunt sustained when he stepped on a piece of glass while showering in the men’s locker room at Brown Jr. High School in Newton. The City has now moved for summary judgment on the grounds that it is immune from Hunt’s negligence claim by reason of G.L.c. 21, §17C (“the Recreational Use statute”). For the reasons which follow, the defendant’s motion is denied.
BACKGROUND
On or about March 31, 1992, Hunt, a participant in the City of Newton Men’s Basketball League,[1] played in a league basketball game at the Brown Jr. High School, which is owned by the City. Following the basketball game Hunt entered the locker room at the school to take a shower. While showering, Hunt stepped on a large piece of broken glass and cut his right foot.[2] Hunt was taken to the hospital where he received 3 to 4 stitches.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The City contends that the Recreational Use statute operates to bar Hunt’s claim for negligence against the City. Hunt asserts that the Recreational Use statute is inapplicable because: (1) Hunt paid a fee to participate in the basketball game and (2) showering after a basketball game cannot be construed as a recreational activity within the meaning of the statute.
In Anderson v. Springfield, 406 Mass. 632 (1990), the Supreme Judicial Court held that the Recreational Use statute applied to municipalities and other government entities to the same extent as private owners. Id. at 634. The Recreational Use statute provides in relevant part,
An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefor . . . shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to persons or property sustained by him while on said land in the absence of willful, wanton or reckless conduct by such owner . . .
(Emphasis added.)
Hunt contends that, because his basketball team paid a $500 fee to the City to participate in the City of Newton Men’s Basketball League, the Recreational Use statute does not apply to bar Hunt’s negligence action.[3] While conceding that Hunt paid a fee to participate in the basketball league, the City contends that the money went to the Parks Department for administrative purposes[4] rather than to the School Department for the use of the building. Thus, the City asserts that Hunt did in fact use the Brown Jr. High School gymnasium free of charge.
The documentary evidence appears to contradict the City’s contention. The City has submitted a form labelled “Request/Permit for Use of School Buildings” to establish that the public was not charged any admission fees for attending a basketball game. (Exhibit 1 to Affidavit of Thomas F. Cahill.) However, the form provides that “[y]ou will be notified to submit a check payable to the Newton Public Schools, Use of School Buildings, prior to issuance of the permit.” The form further charges the Newton Parks & Recreation Department with 28 hours of custodial work which is to be paid to the School.[5]Thus, the City’s submissions raise a factual issue as to whether at least a portion of Hunt’s fee covers costs for the use of the School building. Since discovery regarding the use of the fee is still deficient, summary judgment is not appropriate at this juncture. Because the court concludes that there is a genuine dispute of fact concerning the purpose of the fee, the court need not presently address the issue of whether showering in a public school *149 building after a basketball game constitutes a recreational activity.
ORDER
For the foregoing reasons, the Defendant City of Newton’s Motion for Summary Judgment is DENIED.

At oral argument, the plaintiff stated that each member of the team individually contributed to the $500 team fee which was required by the City in order to participate in the League.

Hunt alleges that, while the locker room area was lit, the shower area was not.

Nhe crux of Hunt’s argument is that he could not play basketball in the Brown Jr. High School building without paying the fee.

The City alleges that the $500.00 fee goes into a league account and pays for scorers, officials, trophies, and equipment. The City avers that the fee does not pay for the use of the facility. (Cahill Affidavit, ¶8.)

Although the form also contains “Rules and Regulations of the School Committee” on its reverse side, the City did not include that side of the form in its submission to the Court.