STEVEN MOLINARO[1] & others[2] vs. TOWN OF
NORTHBRIDGE.

Worcester. October 5, 1994. - January 6, 1995.

Present: WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Massachusetts Tort Claims Act. Negligence*, Municipality, Playground. *Municipal Corporations*, Liability for tort. *Wanton or Reckless Conduct.*

A Superior Court judge correctly dismissed, pursuant to the immunity provisions of G. L. c. 21, § 17C, a negligence claim brought on behalf of a minor plaintiff who was allegedly injured by a defective slide on a playground owned by the town and available for public use without charge. [279]

The provisions of G. L. c. 258, § 10 (*c*), do not immunize a municipality from a claim on behalf of a minor plaintiff, allegedly injured while using municipal recreational facilities made available to the public without charge, based on an allegation of wanton or reckless conduct by the town. [279]

CIVIL ACTION commenced in the Superior Court Department on May 3, 1992.

The case was heard by *Mary-Lou Rup*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Shelli C. Hamer* for the plaintiffs.

*William Hewig, III*, for the defendant.

WILKINS, J. We transferred to this court the plaintiffs' appeal from a judgment for the defendant town following allowance of the town's motion to dismiss. Steven Molinaro, a minor, was allegedly injured by a defective slide on a play-

[1]By his father Peter J. Molinaro, Jr.

[2]Peter J. Molinaro, Jr., individually, and Donna M. Molinaro.

ground owned by the town and available for public use without charge. The plaintiffs' amended complaint alleges that (1) the town was negligent in various respects causing Steven's injuries and (2) the town was "willful, wanton and reckless" causing Steven's injuries.

The allowance of the motion to dismiss the plaintiffs' negligence claims was correct.[3] In *Anderson* v. *Springfield*, 406 Mass. 632, 634 (1990), we held that under G. L. c. 21, § 17C (1992 ed.), the city was protected from negligence claims based on injuries sustained while using recreational facilities made available to the public without charge. Section 17C provides immunity for injuries sustained at such a facility "in the absence of wilful, wanton or reckless conduct by [the] owner." See *Forbush* v. *Lynn*, 35 Mass. App. Ct. 696, 704 (1994); *Catanzarite* v. *Springfield*, 32 Mass. App. Ct. 967, 968 (1992). There is no statutory exemption for playground injuries to children (cf. *Magro* v. *Vineland*, 148 N.J. Super. 34, 38-39 [App. Div. 1977]), nor does § 17C exclude from its reach public playgrounds or structures in such a playground. We apply § 17C as written and as construed in our *Anderson* opinion, which we decline to overrule.

The plaintiffs' claims that the town acted wantonly or recklessly should not have been dismissed. Under the Massachusetts Tort Claims Act, the town is not liable for intentional torts. G. L. c. 258, § 10 (*c*) (1992 ed.). Wanton conduct and reckless conduct, however, do not involve the intentional infliction of harm. The Appeals Court identified this distinction in *Forbush* v. *Lynn*, *supra* at 699, an opinion that was released after the motion judge's allowance of the town's motion to dismiss. We agree with the conclusion of the *Forbush* opinion. Section 10 (*c*) does not immunize a municipality from claims based on wanton or reckless conduct. *Forbush* v. *Lynn*, *supra* at 699-700.

The judgment is vacated insofar as it dismissed the plaintiffs' claims, set forth in count four of the amended com-

---

[3]The motion had a summary judgment component but it appears that the judge's ruling was based on the allegations of the complaint.

plaint, based on the town's alleged wanton or reckless conduct. The portion of the judgment dismissing the other counts of the complaint is affirmed.

*So ordered.*