JAMES F. JACKSON *vs.* TOWN OF MILTON & others.[1] No. 94-P-684. August 27, 1996. *Massachusetts Tort Claims Act. Governmental Immunity. Municipal Corporations,* Liability for tort. *Wilful, Wanton, or Reckless Conduct. Intentional Conduct.*

During a high-speed chase by Milton police officers, a vehicle driven by one William Coker collided with an automobile operated by the plaintiff, James F. Jackson, causing severe injury to Jackson. Following the accident, Jackson filed suit against the town of Milton alleging that its officers had acted negligently and recklessly by initiating a high-speed chase in a densely populated area. Jackson subsequently amended his complaint to include individual claims of reckless conduct against the officers involved. In his amended complaint, Jackson also alleged that the town had failed adequately to train, supervise, and manage police officers with respect to proper pursuit procedures and practices. Following a jury trial in the Superior Court, judgment was entered in favor of the plaintiff against both the town of Milton and one of the officers involved, Kevin Foley.[2] The jury apportioned damages in the amounts of $1,745,000 and $5,000 respectively.

On March 4, 1993, following the denial of various posttrial motions (the last on February 3, 1993), Jackson filed a timely notice of appeal. Four days later, the defendant Foley filed a notice of appeal. Both of these appeals are properly before us. However, pursuant to Mass.R.A.P. 4(a), as amended, 395 Mass. 1110-1111 (1985),[3] we dismiss the defendant town's appeal as untimely. The town did not file its appeal until April 1, 1993, well beyond the permitted period of fourteen days after the initial or primary notice of appeal. Compounding matters, the town failed to seek an extension of time for filing the required notice of appeal. Mass.R.A.P. 4(c), as amended, 378 Mass. 929 (1979). Nor did the town avail itself of Mass. R.A.P. 14(b), as amended, 378 Mass. 939 (1979). Consequently, the town's appeal is dismissed. *Boat Mondego, Inc.* v. *Fulham Bros.,* 6 Mass. App. Ct. 958 (1978).

We turn now to the issues properly before this court. Foley argues that he is immune from liability under the Massachusetts Tort Claims Act. Specifically, Foley asserts that, because the claim against him is based on reckless rather than intentional conduct, he is exempt from liability under G. L. c. 258, § 2. That section, as inserted by St. 1978, c. 512, § 15, provides, in relevant part, that: "no . . . public employee . . . shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission *while acting within the scope of his office or employment* . . . ." Jackson, however, argues that, because reckless conduct is equivalent to intentional conduct, G. L. c. 258, § 10(*c*),

---

[1]Kevin Foley, William Bryan, Eli Elgin, and Paul Nolan.

[2]The claims against the other officers resulted in verdicts in their favor or dismissal.

[3]Rule 4(a) reads, in relevant part: "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within fourteen days of the date on which the first notice of appeal was filed . . . ."

applies, thus foreclosing the § 2 exemption.[4] We agree with Foley, and conclude that § 2 immunizes him from personal liability.

This case is controlled by two recent appellate decisions, one by this court, *Forbush* v. *Lynn*, 35 Mass. App. Ct. 696 (1994), and the other by the Supreme Judicial Court, *Molinaro* v. *Northbridge*, 419 Mass. 278 (1995), both of which were decided while this appeal was pending. In *Forbush*, this court held that reckless conduct is not equivalent to intentional conduct for the purposes of G. L. c. 258, § 10(c).[5] This principle was later affirmed by the Supreme Judicial Court in *Molinaro*. Accordingly, since the plaintiff's claim falls outside the scope of § 10(c), there is no basis for ignoring the § 2 exemption.

Jackson, nevertheless, maintains that the holdings of *Forbush* and *Molinaro* should be limited to claims involving G. L. c. 21, § 17C, the so called "recreational use" statute. We find no basis for such a narrow interpretation. Although both *Forbush* and *Molinaro* involved claims under § 17C, the import of those decisions was the proper scope of § 10(c). Neither decision purports, in any way, to limit its application to the recreational use context. We decline to do so here.

Jackson further argues that, in light of the 1993 amendment to § 10, St. 1993, c. 495, § 57, if this court were to conclude that reckless conduct is outside the scope of § 10(c), neither government employers nor their employees would be liable for such conduct under certain circumstances.[6] Even if this is so, it does not cause us to alter our ruling, as the amendment does not have as sweeping an effect as Jackson contends. We reject Jackson's contention that § 10(c) applies because his claim of reckless conduct can be characterized as a battery.

In sum, we conclude that Foley is immune from liability under § 2 of the Act. Deciding this case as we do, we need not consider whether Jackson's claim against Foley is barred by the statute of limitations. Nor do we consider Jackson's assertion that the trial judge erred in permitting the jury to apportion the damages between the town and Foley.

The appeal of the defendant town is dismissed. The judgment in favor of

---

[4]"The provisions of sections one to eight, inclusive, shall not apply to: . . . any claim arising out of an intentional tort . . . . " G. L. c. 258, § 10(c), as inserted by St. 1978, C. 512, § 15.

[5]In so ruling, this court offered the following explanation:

"Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results."

*Forbush* v. *Lynn*, 35 Mass. App. Ct. at 700, quoting from Restatement (Second) of Torts § 500 comment f (1964).

[6]The 1993 amendment adds to the list of claims excluded by § 10.

the plaintiff against the defendant Foley is vacated, and a new judgment is to enter for Foley. The judgment is otherwise affirmed.

*So ordered.*

*John P. Flynn*, Town Counsel, for town of Milton.
*Timothy W. Chopelas* for Kevin Foley.
*John J. St. Andre, Jr.*, for the plaintiff.