Agnes, A.J.
1.Introduction
This is a civil action in which the plaintiff seeks to recover damages from the defendant City of Metheun for an injury to his foot which he suffered when it was cut on an exposed metal pipe near a playground that is maintained and operated by the defendant. The defendant has filed a motion for summary judgment. Mass.R.Civ.P. 56.
2.Facts
There is no dispute about the basic facts. Mike Pelletier is the father of Pierre Pelletier and the lawful representative of his minor son. On August 7, 2002, the minor child was playing in a public park owned and operated by the City of Methuen. While engaging in play, the minor child cut his foot on an exposed metal pipe.[1] The defendant admits these facts and also agrees that “the presence of the pipe being allowed to be exposed in the park area was a hazard and the City allowing it to remain constituted an act of negligent maintenance of the park by the City.” See Defendant’s Answer to Plaintiffs Interrogatory 9.
3.Discussion
In support of its motion for summaiy judgment, the City of Malden correctly relies on the recreational use statute, G.L.c. 21, §17C. This statute provides that a person with an interest in land who lawfully permits the public to use the land for recreational purposes without a fee “shall not be liable for personal injuries . . . sustained by such members of the public, including without limitation a minor, while on said land in the absence of willful, wanton or reckless conduct by such person.” This statute protects cities and towns as well as private landowners as a result of the Massachusetts Tort Claims Act, G.L.c. 258, §2. See Anderson v. City of Springfield, 406 Mass. 632, 634 (1990). *552 Recently, the Supreme Judicial Court had occasion to consider the legislative history of the recreational use law. See Ali v. City of Boston, 441 Mass. 233 (2004). The court observed that the Legislature’s purpose was to encourage landowners to permit broad, public, free use of land for recreational purposes. The legislature accomplished this purpose by modifying the common-law tort liability of landowners with respect to lawful entrants which had been revised and modernized by the Court in Mounsey v. Ellard, 363 Mass. 25, 28 (1987). Under G.L.c. 21, §17C, the legislature established a subcategory of “recreational users” who enjoy no greater rights to recover damages for injuries than do trespassers, “that is, landowners must refrain from wilful, wanton or reckless conduct as to their safety.” Ali, supra (Court held that the construction of a gate across a bicycle path in Franklin Park that the plaintiff struck at 6:00 p.m. while returning home from an errand did not constitute wilful, wanton or reckless conduct even though there were no lights or warning signs and the plaintiff used the path every day and had never before observed the gate).[2]
Wilful, wanton or reckless conduct “involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another . . . The risk of death or grave.bodily injury must be known or reaosnably apparent, and the harm must be a probable consequence of the defendant’s election to run that risk or of his failure reasonably to recognize it.” Ali, supra, quoting Sandler v. Commonwealth, 419 Mass. 334, 336 (1995).[3]
4. The existence of a metal pipe above the surface of the ground near a municipal playground, without more, is not sufficient to establish wilful, wanton, or reckless conduct.
ORDER
For the above reasons, the defendant’s motion for summary judgment is ALLOWED.

The record contains a photograph that shows the injury to the minor child which gave rise to this suit. The child suffered a cut on the bottom of his foot which required stitches. There are no other details about the specific nature of the exposed pipe or the manner in which the injury occurred.

G.L.c. 21, §17C does not take into account the subjective intent of the visitor on land. The test is an objective onethe fact finder is required to determine whether the injured plaintiff is “engaged in an objectively recreational activity.” Ali, supra. If the answer is “yes,” the plaintiff is not permitted to recover damages for negligence or even gross negligence, but must prove that the injury was caused by the defendant’s wilful, wanton or reckless conduct. Id.

In Sandler, supra, a bicyclist was injured when he rode over an uncovered eight-inch wide, twelve-inch long drain while attempting to pass through a tunnel maintained by the Metropolitan District Commission (MDC). The Court concluded that, although the MDC was aware that the unlit tunnel with missing drain covers created a risk of harm, and that it persistently failed to remedy these defects, the MDC was not liable because the degree of risk of injury did not present a level of dangerousness that rose to the level required by G.L.c. 21, § 17(C). 419 Mass, at 337-38.