Kenton-Walker, Janet, J.
The plaintiffs, Lillian and Sylvia Tsivitsi, brought this suit against the defendant, City of Worcester (“City”) for nuisance, continuing trespass and continuing nuisance, arising out of the alleged sewer back-ups at plaintiffs’ property.[2] The defendant has moved for a summary judgment. For the foregoing reasons, defendant’s motion is DENIED in part and ALLOWED in part.

BACKGROUND

The plaintiffs reside at and own the real property located at 25 Kinnicutt Road South in Worcester. The Ci1y is a municipality under the laws of the Commonwealth of Massachusetts, which maintains a public sewer system pursuant to M.G.L.c. 83, § 1. On May 11, 2000, the City and the Metropolitan District Commission (“MDC”) executed a Sewer Use Agreement (“Agreement”). The Agreement allowed the MDC to use the City’s sanitary sewer system, and thereby increase the flow within the system. In return, the MDC was to provide almost three million dollars in sewer system improvements. The improvements required by the Agreement were to be made in the Newton Square section of the city. There is a dispute between the parties as to whether or not Kinnicut Road South is in the Newton Square section of the city.
Prior to entering the Agreement, the City conducted studies to determine if the increased flow could be accommodated by the City’s sewer system without improvements. A 1996 report produced by MDC predicted that without the necessary improvements sanitary sewer backups could occur in residential properties during severe weather conditions.
On March 28, 2005, October 15, 2005, April 2007 and March 9, 2008, the plaintiffs suffered four sanitary sewer back-ups at their property. Members of the City’s Department of Public Works (“DPWj responded to calls for service from the plaintiffs, as well as from other residents, on Kinnicutt Road South, and on each occasion found the sewer system to be operating properly. At the time of these surcharges, the improvements required by the Agreement were still pending. In June 2006, Matthew Labovites, the Assistant Commissioner for the DPW provided a status report describing MDC’s failure to comply with the Agreement to Robert Moylan, the Commissioner of the DPW.
The plaintiffs assert that the surcharges were caused because the City allowed the Commonwealth the right to increase the volume of the flow within the sewer system pursuant to the Agreement without making the necessary improvements in the system. The City contends that the sewer system was working properly on each occasion, but determined that severe weather conditions had caused exceptionally high ground water level, which in turn led to the surcharges in the plaintiffs’ neighborhood.
In their complaint, the plaintiffs set forth three claims: nuisance (Count I), continuing trespass (Count II), and continuing nuisance (Count III).

DISCUSSION

I. Standard of Review

Summary judgment will be granted when no genuine dispute exists as to any material fact and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56; Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Mass.RCiv.P. 56(c); Community Nat’l Bank, 369 Mass. at 553. The Court views the facts “in the light most favorable to [the non-moving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence of specific facts that establish the existence of a genuine issue of material fact. Mass.R.Civ.P. 56(e); see Godbout v. Cousens, 396 Mass. 254, 261 (1985); Madsenain v. Erwin, 395 Mass. 715, 719 (1985). The non-moving party cannot defeat the motion for summary judgment by resting on pleadings and mere assertions of disputed facts, but must offer evidence that would be admissible at trial. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). See also Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 890 (1987) (“[i]f the opposing party fails properly to *492 present specific facts establishing a genuine, triable issue, summary judgment should be granted”).

II. Nuisance (Count I) and Continuing Nuisance (Count III)

The plaintiffs allege that because the City has maintained and continues to maintain its sewer system in an unreasonable manner, the City has interfered and continues to interfere with plaintiffs’ use and enjoyment of their property. The City argues, however, that no genuine issue of material fact exists that the entiy of sewerage onto plaintiffs’ property was the result of a condition created, permitted or maintained by the City, but rather was the result of a surcharge caused by abnormally heavy rainfall and excessive groundwater levels infiltrating the sewer system.
“A private nuisance is actionable when a property owner creates, permits or maintains the condition or activity on his property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another.” Asiala v. City of Fitchburg, 24 Mass.App.Ct. 13, 17 (1987). A city or town is liable for a private nuisance because there can be “no oasis of liability where a private nuisance may be maintained with impunity.” See Kurtigian v. City of Worcester, 348 Mass. 284, 29 1 (1965). While the City alleges that the extreme weather conditions and rainfall caused the surcharge, the plaintiffs argue that by allowing excessive flow into its systems without the corresponding improvements, the City permitted and maintained the condition that resulted in the surcharge. Despite what the City alleges, there is a genuine issue of material fact as to whether the City did permit or maintain a sewer system that allowed excessive flow, which resulted in a sewer backup into plaintiffs’ property when there was heavy rainfall. Thus, the City’s motion for summary judgment on Counts I and III must be denied.

III. Continuing Trespass (Count II)

The plaintiffs assert that the City has committed a continuing negligent trespass due to the entry of sewerage onto their property and that they sustained damage to their personal and real property as a result of this negligent trespass. The City alleges that it did not engage in any affirmative voluntary act that resulted in the entry of sewerage onto plaintiffs’ property. Furthermore, the City asserts that a negligent trespass claim is barred by the Massachusetts Tort Claims Act, G.L.c. 258, §10 (“MTCA”), and also the plaintiffs are precluded from recovery because they failed to adequately present their claim as required under section four of the MTCA.
The MTCA allows suits against a municipality or city for negligent or wrongful conduct, G.L.c. 258, §2, but not for claims arising from intentional torts. G.L.c. 258, § 10(c). Trespass is a form of intentional tort requiring the plaintiff to prove an “affirmative voluntary act” on the part of the defendant, and in that part it differs from negligence. See United Electric Light Co.
v. Deliso Construction Co., 315 Mass. 313, 318 (1943). The statute specifies a list of intentional torts, but is properly read to exclude all intentional torts, including trespass. See Molinaro v. Town of Northbridge, 419 Mass. 278, 279 (1995); Connerty v. Metropolitan District Comm’n., 398 Mass. 140, 149 n.8 (1986) (“The use of the word ‘including’ in § 10(c) indicates that the enumeration of intentional torts in the section is not an all-inclusive list”). Despite plaintiffs’ attempt to describe their trespass claim as negligent trespass, it is still trespass and thus fails as a matter of law, so that summary judgment must be entered for the Ciiy on this count.

ORDER

Based on the foregoing, it is hereby ORDERED that the City’s Motion for Summary Judgment be DENIED as to Count I and III and ALLOWED as to Count II.

Sewer back-up is also called a surcharge.