Macdonald, D. Lloyd, J.
Before the Court is the defendants’ motion to dismiss. The plaintiff is an inmate in the Department of Correction serving a life sentence for second degree murder. The central allegations of the complaint are that the defendants in their official and individual capacities unlawfully and unconstitutionally deprived the plaintiff of certain items of his personal property, namely, an electric guitar, related equipment and several books. In the complaint the cumulative value of the items is alleged to have been $1,714.71. The complaint recites the plaintiffs having pursued and exhausted his administrative (grievance) remedies, and the defendants acknowledge that the plaintiff complied with the presentment requirements of the Massachusetts Tort Claims Act, G.L.c. 258, §4 (the “Tort Claims Act” or the “Act”). The defendants are the Commonwealth, the (former) Commissioner of the Department of Correction, the Superintendent of MCI Shirley and the Property Officer at MCI Shirley.
The defendants’ motion is ALLOWED in part and DENIED in part as to the both the state and federal claims. The Court’s reasons are as follows:
State Law Claims
1.The individual defendants’ negligence-based claims. As noted, the plaintiff made proper presentment to the Commonwealth pursuant to the Tort Claims Act. The Tort Claims Act waives sovereign immunity “for injury or loss of property.” It subjects “public employers” to liability “in the same manner and to the same extent as a private individual under like circumstances." G.L.c. 258, §2. However, the Act further provides, “no . . . public employee shall be liable for any injury or loss of property . . . caused by his negligent or wrongful act or omission while acting within the scope of his office or employment . . .” According to an objective reading of the complaint, the individual defendants were all acting within the scope of their office or employment. Therefore, they are immune from suit for negligence, and so much of the complaint as alleges negligence by the individual defendants is dismissed.
2. Intentional tort claims against the individual defendants. However, the Act does not bar claims against state employees in their individual capacities for intentional torts. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 286 n.9 (1985). In the defendants’ memorandum accompanying their motion, they acknowledge “a generous reading of the complaint could lead to an inference that [the plaintiff] alleges an intentional tort.” Accordingly, the motion is denied as to the intentional tort claims against the individual defendants.
3. Negligence-based claims against the Commonwealth. The claims against the Commonwealth as the individual defendants’ “public employer” are dismissed. That is because the general waiver of sovereign immunily accomplished by the Tort Claims Act is subj ect to a carve-out of liability for claims arising from law enforcement officers’ actions with regard to the “detention of any goods or merchandise.” G.L.c. 258, § 10(d). As a result, the Commonwealth’s sovereign im-munily remains in place as to such property-based claims. “General Laws c. 258, §10(d), operates as abroad grant of immunily from claims originating from the ‘lawful detention of any goods or merchandise by any law enforcement officer.’ ” Vining v. Commonwealth, 63 Mass.App.Ct. 690, 695 (2005). This immunily provision is to be construed “expansively.” Id. at 694. As the Vining court found with respect to the complaint before it, “[t]he plaintiffs suit [here] is such a claim.” id.[1]
4. Intentional tort claims against the Commonwealth The Commonwealth is also immune from intentional tort liability resting on a respondeat superior theory. Under the Tort Claims Act liability extends only to ordinary and gross negligence, McNamara v. Honeyman, 406 Mass. 43, 46 (1989), or to wanton and reckless conduct, Molinaro v. Northbridge, 419 Mass. 278, 279 (1995). Intentional conduct is outside the Act. G.L.c. 258, §10: “The provisions of sections one to eight, inclusive, shall not apply to:. . . (c) any claim arising out of an intentional tort. . .”
5. State Civil Rights Claims. The Commonwealth’s Civil Flights Act, G.L.c. 12, §§11H and 111, requires that the actionable interference with the subject civil rights be by “threats, intimidation or coercion.” To prevail, “the plaintiff must prove that the defendant! ] used ‘threats, intimidation or coercion’ to interfere with, or attempt to interfere with, rights secured by the Constitution or laws of the United States or the Commonwealth of Massachusetts.” *358 Brum v. Dartmouth, 428 Mass. 684, 707-08 (1999). “A ‘threat’ is ‘the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.’ Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474, cert. denied, 513 U.S. 868 (1994) . . . ‘Intimidation’ involves putting one ‘in fear for the purpose of compelling or deterring conduct.’ Id. ‘Coercion’ is the application to another of force ‘to constrain him to do against his will something he would not otherwise have done.’ Id., quoting Deas v. Dempsey, 403 Mass. 468, 471 (1988).” Kennie v. Natural Resource Dep’t of Dennis, 451 Mass. 754, 763 (2008), as quoted in Mancuso v. Mass. Interstate Athletic Assoc., Inc. 453 Mass. 116, 131 (2009). The complaint does not allege this kind of conduct. Accordingly, to the extent that the claims are based on the state civil rights statute, they are dismissed.[2]
Federal Civil Rights Claims
1. Federally protected interest. The SJC has repeatedly noted a federally protected constitutional interest in correctional inmates’ property. “Prison inmates ‘may not be deprived of life, liberty, or property without due process of law.’ Wolf v. McDonnell, 418 U.S. 539, 556 (1974) ... We assume without deciding that, in the Commonwealth, prisoners have a statutorily protected property interest in the funds in their [personal property] entitling them to due process protection. See G.L.c. 127, §3 (’[The department] shall keep a record of all money or other property found in possession of prisoners . . . and shall be responsible for the safekeeping and delivery [of property when the prisoners are discharged]’). Ciampi v. Comm’r of Correction, 452 Mass. 162, 170 (2008) (brackets in original).” See also O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 135 (1993). The statutory vehicle for the enforcement of the federal rights is 42 U.S.C. §1983.[3]
2. Claims against the Commonwealth and the individual defendants in their official capacity. However, the Eleventh Amendment bars federal claims for damages against the Commonwealth and its employees in their official capacities. McNamara v. Honeyman, 406 Mass. at 52. Further, “neither a State nor a State official acting in his official capacity is a person under 42 U.S.C. §1983.” Id., citing Will v. Michigan Dep’t of State Police, 491 U.S. 58 (1989). See also Laubinger v. Department of Revenue, 41 Mass.App.Ct. 598, 601-02 (1996). Accordingly, the plaintiffs claims for damages against the Commonwealth and the individual defendants in their official capacities are dismissed.
3. Claims against the individual defendants in their personal capacities/Qualified immunity. The individual defendants in their individual capacities enjoy qualified immunity for their conduct such that only violations of “clearly established” rights are actionable. O’Malley, 414 Mass. at 142. “The defendants] must have acted ‘either outside the scope of [their] respective office[s], or if within the scope, [they] acted in an arbitrary manner, grossly abusing the lawful powers of [their] office.’ ” Id., quoting Scheuer v. Rhodes, 416 U.S. 232, 235 (1974). See also Ahmad v. Dept. of Correction, 446 Mass. 479, 484 (2006). However, at this stage of the litigation with only the allegations of the complaint before the Court, all reasonable inferences are to be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). When read together and with the benefit of such inferences, the complaint is sufficient to “plausibly suggest] ] an entitlement to relief.” Iannacchino v. Ford Motor Company, 451 Mass. 623, 636 (2008). Accordingly, the plaintiffs federal claims for damages against the individual defendants in their individual capacities survive.
ORDER
The defendants motion to dismiss is ALLOWED except with respect to:
(a) the state law-based intentional tort claims against the individual defendants in their individual capacities,
(b) the federal 42 USC §1983-based claims for equitable relief against the Commonwealth and the individual defendants, and
(c) the federal 42 USC §1983-based claims against the individual defendants in their individual capacities.

 The statutory obligation of officials of a “correctional institution” with respect to the “safe keeping and delivery” of inmates’ property as provided in G.L. 127, §3 does not independently create a right of action. That is because the immunity provision of G.L.c. 258, §10(d) supersedes it. Vining, 63 Mass.App.Ct. at 695-96.

 The Mancuso Court stressed the narrow relief under the G.L.c. 12, §§11H and 111: “Although ‘entitled to liberal construction of its terms,’ the act ‘was not intended to create, nor may it be construed to establish, a vast constitutional tort.’ It is for this reason that ‘[t]he Legislature ’’explicitly limited the [act’s] remedy to situations where the derogation of secured rights occurs by threats, intimidation or coercion." ’ “ Mancuso, 453 Mass. at 131-32 (internal citations omitted).

 The actionable federal interest here arises because of the scope of immunity of the defendants under Massachusetts law, as described above. If there were a sufficient state-based remedy available, no federal claim under § 1983 would lie. See Parrott v. Taylor, 451 U.S. 527, 543-44 (1981) (no federal §1983 claim for state employees’ negligent acts causing a deprivation of property where state post-deprivation remedy exists), and Hudsonv. Palmer, 468 U.S. 517, 536 (1984) (same rule for intentional acts by state employees).