Ferrara, John S., J.
The plaintiff, Juanita Soto (“Soto”), filed this action in Superior Court seeking damages against the defendants, the City of Worcester (the “City”) and the Worcester Public Library (the “Library”). Soto alleges that, while she was on the second floor of the Library premises, a ceiling block fell and struck her head and body, causing injury. She brings a claim of negligence against the defendants. This action is now before the court on the motion of the defendants for summary judgment. Defendants argue that they are entitled to immunity under the Recreational Use Statute, G.L.c. 21, §17C, and therefore can only be liable if plaintiff was injured as a result of conduct on their part that was willful, wanton, or reckless. For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED.
Background
The following facts are taken from the parties’ Statement of Undisputed Material Facts and the summary judgment record. Unless otherwise noted, these facts are undisputed.
The Library is located at 3 Salem Square in Worcester, Massachusetts. It is owned and operated by the City, and is organized as a division within the Executive Office of the City Manager of the City of Worcester. It is a free public library and does not charge a fee for admission or for the use of its resources.
Soto visited the Library on June 13, 2008. She planned to check her email, search for a job, and perform research. At the library, Soto accessed a computer terminal located on the second floor. While she was there, she alleges that a tile fell from the ceiling and struck her on the head. She informed a librarian of the incident, and continued to work at the computer.
The defendants allege that Senior Custodian Robert Fanion (“Fanion”) responded to the incident and spoke with Soto. An affidavit of Fanion indicates that he retrieved the fallen ceiling tile that measured two feet by two feet and weighed approximately two pounds. The defendants claim that Soto told Fanion that she was not hurt, that she did not want to file an accident report, and that she wished to continue using the computer. The plaintiff disagrees with defendants’ version of that conversation.
Soto claims that she sustained multiple injuries and suffered neck pain and headaches as a result of the tile striking her. She visited the Emergency Department at St. Vincent’s Hospital and later received physical therapy at New England Chiropractic.
Discussion
A. Standard of Review
Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Corr, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to “judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A parly moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case, or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis, 410 Mass. at *74 716. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). The nonmoving party cannot defeat the motion for summary judgment simply by resting on its pleadings and “mere assertions of disputed facts.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Instead, the nonmoving party must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson, 404 Mass. at 17. When deciding a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
B. The City Is Entitled to Qualified Immunity
The Recreational Use Statute, G.L.c. 21, §17C, provides qualified immunity to landowners who allow their land to be used by the public for recreational purposes without charging a fee. It provides, in pertinent part:
Any person having an interest in land including the structures, buildings, and equipment attached to the land,.. . who lawfully permits the public to use such land for recreational, conservation, scientific, educational, environmental, ecological, research, religious, or charitable purposes without imposing a charge or fee therefore, or who leases such land for said purposes to the commonwealth or any political subdivision thereof or to any nonprofit corporation, trust or association, shall not be liable for personal injuries or property damage sustained by such members of the public, including without limitation a minor, while on said land in the absence of wilful, wanton, or reckless conduct by such person. Such permission shall not confer upon any member of the public using said land, including without limitation a minor, the status of an invitee or licensee to whom any duty would be owed by said person.
G.L.c. 21, §17C.
The statute was amended in 1998 to broaden the scope of activities covered to include passive, indoor activities as well as active, outdoor ones. Educational or research activities are included as recreational uses. G.L.c. 21, §17C. The statute applies to municipalities as well as to private persons. Id.; see Ali v. City of Boston, 58 Mass.App.Ct. 439, 442 (2003); Anderson v. Springfield, 406 Mass. 632, 633-34, 549 N.E.2d 1127 (1990).
The statute changes the duty owed by landowners who make their land available for recreational use without a fee to the recreational users. Such landowners owe only the standard of care applicable to trespassers: that is, landowners must refrain from wilful, wanton, or reckless conduct as to their safety. G.L.c. 21, §17C.
In the present case, the City owned and operated the Library and allowed the public to make use of its facilities for recreational purposes without charging a fee. Thus, to survive the defendants’ motion for summary judgment, Soto must demonstrate that the City behaved in a “wilful, wanton, or reckless” manner.
There is no issue of willful conduct here; it is not alleged that the defendants intended any harm occur to plaintiff. Thus, the issue is whether or not the defendant engaged in conduct that was wanton or reckless. “Wilful, wanton, or reckless conduct,” within the meaning of the recreational use statute, involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another. The risk of death or grave bodily injury must be known by the landowner, or reasonably apparent to a reasonable person. Ali, 441 Mass. at 239.
Cases in which courts have found defendants’ actions amounted to wanton or reckless conduct involve specific knowledge of a dangerous condition that poses an obvious risk of death or serious bodily injury. See, e.g., Sheehan v. Foriansky, 317 Mass. 10, 15 (1944) (driver knew that a trespasser was on the running board, increased his speed, and ran into a pole, killing him); Freeman v. United Fruit Co., 223 Mass. 300, 302 (1916) (defendant deliberately threw, from a great height, a large, heavy roll of canvas stiffened with ice); Romana v. Boston Elevated Ry., 218 Mass. 76, 78 (1914) (defendant had been warned of the danger of an electrically charged pole on a path commonly used by children, but did nothing).
Cases in which courts have not found “wilful, wanton, or reckless” behavior, on the other hand, involve a lower level of risk, or defendants who had no knowledge of the condition. See, e.g., Sandler, 419 Mass. at 338-39 (defendant’s failure to remedy defects in a tunnel on a bikeway was neither wanton nor reckless because there was no high degree of risk of death or serious bodily injury); Carroll v. Hemenway, 315 Mass. 45, 46-47 (1943) (no evidence of wilful, wanton, or reckless conduct when a police officer investigating a building fell into an unlit and unguarded elevator well); Dunn v. Boston, 75 Mass.App.Ct. 556, 562 (2009) (failure to repair crumbling steps due to budgetary concerns not wilful, wanton, or reckless).
In the present case, there is no evidence of wanton or reckless conduct on the part of the City. Nothing suggests that the City was aware of the condition that caused Soto’s alleged injury. Moreover, as with the defendant’s failure to repair the defects in Sandler, there is no evidence that the condition created a high risk of death or serious bodily injury. The City did not “intentionally or unreasonably ignore! ] a ‘high degree of probability that substantial harm [would] result to another.’ ” Dunn, 75 Mass.App.Ct. at 556, quoting Sandler, 419 Mass. at 336. Indeed, on the present state of the evidence, there is nothing to suggest that the City knew or reasonably should have known of a risk that a tile would fall from the Library ceiling, and *75 thus the plaintiff could not sustain a burden of proof of mere negligence. See Sheehan v. Roche Bros. Supermarkets, 448 Mass. 780, 782-84 (2007). As a result, Soto cannot maintain her action against the City.
C. Whether the Library Is Subject to Suit
Soto has named the Worcester Public Library as a separate defendant in this action. The defendant argues that the Library is a department of the City and may not independently sue or be sued and that the Ciiy, therefore, is the correct party. The undisputed facts are that the Library is owned and operated by the City. It is organized as a division within the Executive Office of the City Manager. It is not clear from the record whether or not the Library determines its own budget, possesses the authority to contract in its own name, or has sources of funding independent of appropriations from the City. See Middleborough v. Middleborough Gas & Electric Dept., 422 Mass. 583, 586-87 (1996). On the present record, construing the evidence in the light most favorable to the nonmoving party, it cannot be ascertained whether or not the Library has the capacity to sue or be sued.
However, even if the library is an independent department, it is entitled to the same recreational use immunity as the City. Thus, it is of little consequence to either party whether or not it can be sued separately.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion for Summary Judgment is ALLOWED.