Curran, Dennis J., J.
Aguinalda Fernandes has sued the City of Boston alleging that the City failed to properly maintain the stairs of its property at the Harbor Pilot School, and that, as a result she was injured. The plaintiffs are seeking damages arising from the negligent maintenance of public property and loss of consortium. The defendant has moved for summary judgment under Mass.R.Civ.P. 56(c).
For the following reasons, the defendant’s motion must be ALLOWED.
BACKGROUND
The following facts are taken from the summary judgment record and the Statement of Material Facts filed jointly by the parties under Superior Court Rule 9A(b) (5), and will be recited in the light most favorable to the plaintiff, the non-moving party. See Attorney Gen. v. Bailey, 396 Mass. 367, 370-71 (1982).
Aguinalda Fernandes has been employed as a custodian at the Massachusetts Institute of Technology (MIT) since 2002. On the morning of June 10, 2011, she drove from her home in Avon, to her mother’s home on Corwin Street in Dorchester. Mrs. Fernandes typically parked her car on Corwin Street as part of her commute to work. After parking her car, she would walk to the Fields Corner MBTA Station where she would take the Red Line to Cambridge. Mrs. Fernandes typically used the Harbor Pilot Middle School premises as a short-cut to save time. While she was aware of alternate routes from her mother’s house on Corwin Street to the MBTA Station, she often opted to cut through the Harbor School premises.
On June 10, 2011 at approximately 7:30 a.m., Mrs. Fernandes used the Harbor School premises as a short-cut on her way to the Fields Comer MBTA station. She was scheduled to report for work at 8 a.m. While walking across the Harbor School premises, she descended multiple flights of stairs. She stated that on that morning the stairs at the Harbor School were “cracked and chipped” and “some pieces were missing” from the stairs. Three stairs from the bottom, Mrs. Fernandes tripped and fell down the stairs. Nevertheless, she continued on to MIT where she went immediately to its Health Department for evaluation of the severe pain she felt in her left ankle. She was diagnosed with a left ankle fracture.
The Harbor School is owned and operated by Boston Public Schools, a division of the City of Boston. During hours when the school is not in session, members of the public are free to walk on the Harbor School premises. On the weekends and during school vacations, the City allows the public to use the schoolyard for recreational uses for free. At the time of the accident, the custodial staff at the Harbor School was responsible for maintaining the outdoor premises, including walkways.
*595 DISCUSSION
Summary judgment shall be granted where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Brigade Leveraged Capital Structures Fund Ltd. v. Pimco Income Strategy Fund, 466 Mass. 368, 373 (2013). To meet its burden of proof, the moving party must support its motion with at least one of the materials listed in Rule 56(c). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991), citing CelotexCorp. v. Catrett, 477 U.S. 317, 328 (1986) (White, J., concurring). Once the moving party meets its burden, the non-moving party must provide specific facts to show that there is a genuine issue for trial. Id. at 716. Unsupported contradictions of factual allegations are insufficient to raise questions of material fact sufficient to defeat a summary judgment motion. Masden v. Erwin, 395 Mass. 715, 719 (1985).
The court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits when making its decision. Cataldo Ambulance Serv. v. Chelsea 426 Mass. 383, 388 (1998). However, it does not weigh the evidence, determine witness credibility, or make its own findings of fact. Attorney Gen., 386 Mass. at 370-71.
A. Recreational Land Use
The City relies on G.L.c. 21, §17C the recreational land use statute, as a defense to Mrs. Fernandes’ negligence claim. Under that statute, a landowner is protected against negligent claims brought by lawful visitors, absent willful or wanton conduct, so long as: 1) the person or entity owns the land, and that owner has allowed the public to use the land for objectively recreational purposes; 2) the plaintiff was a recreational user of the land at the time of the injury; and 3) the owner has not charged a fee for use of the land. Shu-Ra Ali v. Boston, 441 Mass. 233, 235-38 (2004). For purposes of landowner liability, recreational land users by statute comprise a discrete subgroup of lawful visitors who are owed only the standard of care applicable to trespassers. Ali, 441 Mass. 236. With respect to recreational users, landowners must only refrain from willful, wanton or reckless conduct as to their safety. Id. In this case, the City of Boston meets the elements necessary to enjoy protection from negligence under the recreational land use statute.
i. Recreational User
The Harbor School, being owned and operated by the Boston Public Schools, is therefore under the continuous care and control of the City of Boston. Government entities enjoy the protection of the recreational land use statute to the same degree as private landowners. Dunn v. City of Boston, 75 Mass.App.Ct. 556, 557 (2009); Anderson v. Springfield, 406 Mass. 632, 634 (1990). When school is not in session, the City permits the public to use the grounds for objectively recreational purposes, such as walking, sitting, playing and similar activities, free of charge.
Mrs. Fernandes argues that at the time of the accident, she was not a recreational user of the premises because she was walking to work. The subjective purpose of the plaintiff for entering and walking around the school grounds is irrelevant to the application of the statute. Dunn, 75 Mass.App.Ct. at 559. Considering Mrs. Fernandes’s subjective intent in entering the land would undermine the purpose of the statute which is to encourage landowners to allow free, public, recreational use of their land by limiting their liability to lawful visitors under the common law. See 1972 House Doc. No. 5668, at 2; Ali, 441 Mass. at 238. Instead, the court must consider the objective circumstances surrounding her entry to the Harbor School to determine whether she was a recreational user or some other sort of lawful entrant. Dunn, 75 Mass.App.Ct. 559. The question is not whether Mrs. Fernandes was objectively a recreational user at the time of her injury, but rather “whether the plaintiffs permission to enter the [school grounds] and walk there derives from her use of land for a recreational purpose on land permitting such use, or from some non-triggering purpose consistent with a different relationship with the landowner.” Id.
Mrs. Fernandes’s objective purpose when she entered the school ground was to walk. Her subjective intent to commute to work is irrelevant to her status as a recreational user under the statute. Her ability to walk on the Harbor School premises exists only because the City of Boston allows the public to use the grounds for recreational purposes. Mrs. Fernandes has neither a special relationship with the Harbor School nor with the City of Boston. She was, therefore, a recreational user of the Harbor School at the time of her injury.
ii. Standard of Care
Landowners are not liable for any injuries sustained by recreational users under the meaning of G.L.c. 21, §17C in the absence of willful, wanton or reckless conduct. Ali, 441 Mass. at 236; Sandler v. Com., 419 Mass. 334, 335-36 (1995). Willful, wanton, or reckless conduct “involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another . . . The risk of death or grave bodily injury must be known or reasonably apparent, and the harm must be a probable consequence of the defendant’s election to run that risk or of his failure reasonably to recognize it.” (Internal citations omitted.) 419 Mass. at 336. The test for reckless conduct has long been held to be the same as whether reckless conduct is alleged as the basis for liability in tort or as the basis for guilt of involuntary manslaughter. See Sandler, 419 Mass. at 336; Commonwealth v. Welansky, 316 Mass. 383, 398 (1944); Banks v. Braman, 188 Mass. 367, 369 (1905).
*596 Mrs. Fernandes tripped on a stair that was cracked and crumbling. That fact does not warrant a finding of willful, wanton or reckless conduct on the part of the City. A cracked and crumbling stair does not present a reasonably apparent risk of death or grave bodily injury. The degree of risk is more consistent with cases in which there has been no finding of wanton, willful or reckless conduct. See Dunn, 75 Mass.App.Ct. at 562 (holding that City of Boston’s failure to repair crumbling steps at City Plaza does not meet standard); Ali, 441 Mass. at 236. A cracked stair, though obviously negligently maintained, and indeed regrettable, does not create a case for willful, wanton or reckless conduct on the part of the City.
ORDER
For these reasons, the defendant City of Boston’s motion for summary judgment must be ALLOWED.
Judgment shall enter for the defendants forthwith without costs.