NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1276

CATHY KOBLER

vs.

COMMONWEALTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Cathy Kobler, fractured her clavicle when she tripped and fell down the steps of the Monsignor Timothy Gleason Memorial Overpass (overpass), owned and maintained by the Department of Conservation and Recreation (DCR). The plaintiff sued the Commonwealth under the Mass Tort Claims Act, G. L. c. 258, claiming that DCR failed to properly maintain the overpass and that its negligence caused the plaintiff's fall and subsequent injury. The Commonwealth filed a motion for summary judgment, arguing that it was immune from liability under the recreational use statute, G. L. c. 21, § 17C, because the overpass was attached to the Charles River Reservation (CRR), which is covered by the recreational use statute. A Superior

Court judge granted the Commonwealth's motion for summary judgment, finding that the overpass was attached to the CRR. We reverse.

Background. Viewing the record in the light most favorable to the plaintiff, see Nunez v. Carrabba's Italian Grill, Inc., 448 Mass. 170, 174 (2007), we summarize the undisputed material facts on the summary judgment record, reserving certain facts for later discussion. DCR owns and maintains both the CRR and the overpass. The Charles River runs along the CRR's northern border; highways, including Soldiers Field Road and Storrow Drive, make up much of the CRR's southern border. Soldiers Field Road is a high traffic, multilane parkway with a median. To cross Soldiers Field Road at Telford Street in the Brighton neighborhood of Boston, a pedestrian must use the overpass because there are no at-grade crosswalks. The overpass has both stairways and handicap ramps at the north and south ends.

On May 19, 2018, the plaintiff and her husband participated in a charity walk that took place in the CRR. Before the walk, they parked their car near Telford Street and crossed the overpass to enter the CRR at the bottom of the staircase. After completing the charity walk in the CRR, the plaintiff and her husband walked back across the overpass on their way back to their car. As the plaintiff descended the stairway to ground level on the southbound (i.e., city) side of the bridge, the

2

heel of her shoe caught on a metal tread that had sprung loose from a degraded cement step, causing her to lose her balance, fall down the remaining stairs, and break her clavicle.

Discussion. "Our review of a motion judge's decision on summary judgment is de novo, because we examine the same record and decide the same questions of law." Boston Globe Media Partners, LLC v. Department of Criminal Justice Info. Servs., 484 Mass. 279, 286 (2020), quoting Kiribati Seafood Co. v. Dechert LLP, 478 Mass. 111, 116 (2017). We ask whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). In deciding a motion for summary judgment, a court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976).

The plaintiff argues that the Commonwealth's motion for summary judgment should have been denied because the overpass is not attached to the CRR and, therefore, the recreational use statute, G. L. c. 21, § 17C, does not bar her claim. The recreational use statute "serves to protect owners of land from negligence claims brought by people who were injured while using that land, without charge, for recreational purposes." Gerante

v. 202 Sports Complex, LLC, 95 Mass. App. Ct. 455, 457 (2019). See Anderson v. Springfield, 406 Mass. 632, 634 (1990) (holding that recreational use statute applies to governmental entities). The statute immunizes landowners from liability for injuries related to all "structures, buildings, and equipment attached to the land," barring "wilful, wanton, or reckless conduct" by the landowner. G. L. c. 21, § 17C (a).

The parties agree that the CRR is recreational property as defined under the statute and that the DCR does not charge a fee to use the CRR or the overpass. The dispute centers on whether the overpass was a structure that was "attached" to the CRR within the meaning of the recreational use statute. The plaintiff argues that the Commonwealth failed to prove as a matter of law that the overpass was attached to the CRR and thus failed to demonstrate that the recreational use statute barred her claim.

The Commonwealth supported its claim of attachment with an affidavit from Jason Santos, DCR's Director of Transportation, Division of Design and Engineering. Santos asserted that the overpass "is physically attached" to the CRR. Santos provided no further insight into the definition of "attached" in the context of the recreational use statute, and did not detail his basis of knowledge.

4

In her opposition to the Commonwealth's motion for summary judgment, the plaintiff asserted that the southern side of the overpass emptied onto Telford Street, a public way in Boston, and that the overpass was attached to a sidewalk on the northern side of Soldiers Field Road. To support this argument, she submitted photographs showing that the northern side of the overpass emptied onto a sidewalk adjacent to Soldiers Field Road and outside a fence located on the CRR. The plaintiff asserts that the recreational use statute does not apply because sidewalks are considered public ways and liability may arise for injuries that occur on sidewalks not attached to recreational property, assertions the Commonwealth does not dispute.

The plaintiff presented sufficient evidence to raise a material dispute about whether the overpass was attached to the CRR. There is nothing in the record that would allow the judge to determine whether the sidewalk on the northern side of the overpass was part of the CRR nor was there any evidence about whether the fence served as a border to the CRR. Because "[a]ll evidentiary inferences must be resolved in favor of the plaintiff" where she is the nonmoving party, Nunez, 448 Mass. at 174, and because these questions remain on the factual record, we conclude that the Commonwealth failed to show as a matter of law that the overpass was attached to the CRR within the meaning

5

of the recreational use statute.  Therefore, the Commonwealth's motion for summary judgment should have been denied.

Conclusion.  We reverse the summary judgment entered in favor of the Commonwealth, and remand the matter for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Massing, Hershfang & Tan, JJ.[1]),

Paul Little

Clerk

Entered:  June 6, 2025.

---

[1] The panelists are listed in order of seniority.